STATE OF NEBRASKA, EX REL. IRA L. BARE ET AL., V. LINCOLN COUNTY ET AL.

[FILED OCTOBER 5, 1892.]

**Mandamus to County Board: AWARD OF CONTRACT FOR PRINTING AND PUBLISHING DELINQUENT TAX LIST.** While a county board may, in its discretion, let the contract for printing and publishing the delinquent tax list and the proceeding of the board to the lowest bidder, yet, as there is no provision of statute making it the duty of such board to so award the contract, *mandamus* will not issue to compel such action. *State v. Dixon County,* 24 Neb., 106, adhered to.

ORIGINAL application for *mandamus.*

*George E. French, A. H. Church, T. C. Patterson,* and *Grimes & Wilcox,* for relators.

· *George T. Snelling*, and *T. Fulton Gantt*, *contra*.

NORVAL, J.

This is an application for a peremptory *mandamus* to require the board of supervisors of Lincoln county to award to relators the contract for the county printing and for publishing the delinquent tax list for the year 1892.

It appears from the pleadings and evidence that one of the relators, Ira L. Bare, is the owner and publisher of the *North Platte Tribune*, a newspaper published at North Platte, and of general circulation in said Lincoln county; that the other relator, Harvey W. Hill, is the owner and publisher of the *North Platte Telegraph*, a weekly newspaper published at North Platte, and of general circulation throughout said county; that on the 28th day of November, and for four successive weeks thereafter, the county clerk of said county published in the said *North Platte Telegraph* a notice to the effect that bids would be received until noon of the 1st day of January, 1892, for all books, blanks, and stationery required for the use of the county officers, together with all printing, publishing, and advertising required for the year 1892, the board reserving the right to reject any and all bids; that said printing, publishing, and advertising were for a greater sum than $200; that, pursuant to said notice, relators, on December 31, 1891, made and filed the following bid:

"NORTH PLATTE, NEB, December 31, 1891.

"To the Honorable Board of County Commissioners of Lincoln County: We, the undersigned, publishers respectively of the *North Platte Tribune* and of the *North Platte Telegraph*, submit the following bid for the county publishing for the year 1892:

"The commissioners' proceedings in full, road notices, treasurer's statements, bond propositions, and official notices of the county clerk will be published in both of said

papers at one-twentieth of the legal rate, that is, one-forti-
eth of the legal rate to go to each publisher; the delin-
quent tax list will be published in each of the said papers
at one-half the legal rate, each paper to receive five cents for
each land description and two and one-half cents for each
lot description.

"Bond in any reasonable sum for the faithful perform-
ance of the work to be furnished by each of the under-
signed in case the contract is awarded to us.

"Respectfully yours,

"IRA L. BARE,

"*Publisher of the Tribune.*

"HARVEY H. HILL,

"*Publisher of the Telegraph.*"

That on the same day the Independent Era Publishing
Company, in response to said notice, filed its bid agreeing
to publish all proceedings of the board free of charge, pub-
lish all road notices, election notices, notice to voters, and
all other notices ordered by the board or county clerk, for
one-half statutory rates, and soliciting the tax list on the
terms specified by section 109, chapter 77, of the Compiled
Statutes. The bid also specified prices for furnishing the
county with blanks and commercial printing. That it al-
ways has been the usage and custom in said county for the
county clerk to advertise for and invite bids from the va-
rious newspapers published in said county, to be filed with
the county board, to do the county printing, publishing, and
advertising required by law, and it has been the custom of
the county board to award the contract upon such bids so
filed to the lowest and best responsible bidder; that al-
though relator's bid is the lowest and best the county board
refused to award the contract to them to do said publish-
ing, printing, and advertising, and refused to designate the
*North Platte Telegraph* and the *North Platte Tribune* as
the newspapers in which said printing, publishing, and
advertising should be done for the year 1892, but said

board at its meeting held on January 2, 1892, passed a resolution to the effect that the county clerk having exceeded his authority in advertising for bids for county printing, publishing, and advertising, all bids on file for such work, other than for books, blanks, and stationery, be ignored. That subsequently, on the 9th day of January, 1892, the county board passed and spread upon its records the following:

"Whereas it is by law made the duty of the county commissioners to designate a newspaper published in the county of Lincoln, Nebraska, having a general circulation therein, to do the printing and advertising for their county, other than books, blanks, and stationery, for the year 1892, it is therefore resolved by the board of county commissioners of Lincoln county, in regular session, that the *Independent Era*, published in the city of North Platte, Lincoln county, Nebraska, be and is hereby designated as the newspaper in which shall be published and advertised the notices of sales of real estate upon which taxes are delinquent and remain unpaid, otherwise known as delinquent tax list, as provided in section 109 of chapter 77 of the Compiled Statutes, entitled ' Revenue,' together with commissioners' proceedings of regular and special meetings, and such other printing, publishing, and advertising as may be necessary for the county of Lincoln, Nebraska, for the year 1892."

It is not claimed by the respondents that the bid of the Independent Era Publishing Company was either the lowest or the best, but on the contrary it is conceded that the bid of relators is by far the lowest and best. The only question, therefore, presented by the record in this case for the court to determine is, Does the statute make it the duty of a county board to advertise for bids, and let by contract to the lowest bidder all county printing, publishing, and advertising, such as publishing the proceedings of the board and the printing of the delinquent tax list? The

same question was fully considered by this court in *State v. Dixon Co.*, 24 Neb., 106, in which it was held that a county board was not required to let by contract to the lowest bidder the printing of the proceedings of the board or the publishing of the notice required by law to be given by the county treasurer of the sale of real property for delinquent taxes due and unpaid thereon. We have re-examined the question, and are satisfied that the decision in *State v. Dixon County* is sound and should be adhered to.

There is no provision of statute making the duty of county boards to let contracts for county printing, publishing, and advertising of the character involved herein to the lowest and best bidder. The legislature has, however, enacted provisions requiring county boards to award contract for the furnishing of all books, blanks, and stationery required for the use of the county officers to the lowest bidder when the cost of furnishing the same exceeds the sum of $200 per year. (See sections 149, 150, 151, and 152, chapter 18, Compiled Statutes.) In view of the provisions of said sections the omission of the law-makers to provide that contracts for the printing of the delinquent tax list and the publishing of the proceedings of the board shall be awarded upon competitive bids is significant. The only proper conclusion to be drawn from the failure to so provide is that no legal duty rests upon a county board to invite bids for such work, or to award contracts therefor to the lowest and best bidder. The fact that it had in previous years been the custom in Lincoln county to let the contract for county printing, publishing, and advertising to the lowest bidder does not change the legal aspect of the case. While there is no law which requires county boards to let such contracts in the mode contended for by the relators, yet it is within their discretion so to do. Although the respondents did not act for the best interest of the county in making the contract complained of in this

action, yet, as no statutory provision has been disregarded, the relators are not entitled to the relief demanded. The writ is denied.

DISMISSED.

THE other judges concur.