THOMAS BRAATEN, Resident, Citizen, and Taxpayer of Burke
County, North Dakota, v. C. P. OLSON, the Duly Elected, Quali-
fied, and Acting Treasurer of Burke County, North Dakota, and
John Bryan, Jerry Donovan, and Thomas Ely, the Duly Elected,
Qualified, and Acting County Commissioners of Burke County,
North Dakota.

(148 N. W. 829.)

**Segregation of one county from another — commissioners — duty of — in-
debtedness — bonds — rents — fiscal affairs — expert accountants —
employment of.**

1. In the case of the segregation of one county from another, and where
under § 2336, Rev. Codes 1905, it is the duty of the boards of commissioners
of the two counties to meet together and to ascertain as near as may be the
total outstanding indebtedness of the original county, less the amount due
from rents, the amount of outstanding bonds given or money paid for public
property owned by and within the limits of the original county and the
amount of public funds on hand and belonging to the original county, and
which computations are the basis for a settlement as to the proportion which
the newly organized county shall pay of such indebtedness, and under § 2401,
Rev. Codes 1905, which gives to county commissioners the superintendence of
the fiscal affairs of their several counties, county commissioners have the im-
plied power to employ expert accountants to assist them in such computation
and investigation.

**Counties — segregation — expert accountants — work of — not subject for
competitive bidding — commissioners may employ.**

2. Where one county is segregated from another, and the county commis-
sioners employ expert accountants to assist them in making the computations
and settlement provided for by § 2336, Rev. Codes 1905, it is not necessary that
the contract for such expert assistance shall be the subject of competitive
bidding, as the word "labor," which is used in § 2421, Rev. Codes 1905, does
not include semi-professional services.

**Counties — contract by competitive bidding.**

3. In the absence of charter or statutory requirements, municipal contracts
need not be made under competitive bidding.

Opinion filed September 5, 1914.

Note.—The general question of right of lowest bidder on public contract is
treated in a note in 26 L.R.A. 707.

Appeal from the District Court of Ward County, *Leighton,* J.

Action to enjoin payment of warrant for services of expert accountants. Judgment for Plaintiff.

Reversed.

*Geo. A. Bangs* and *Geo. R. Robbins,* for appellants.

County commissioners handle and control the business affairs of their county. They are the legislative body as well as financial agents of the county. Martin v. Tyler, 4 N. D. 278, 25 L.R.A. 838, 60 N. W. 392; Barrett v. Stutsman County, 4 N. D. 175, 59 N. W. 964; State ex rel. Wiles v. Heinrich, 11 N. D. 31, 88 N. W. 734.

In case of county segregation or the formation of new county, it is the duty of the commissioners to adjust the financial affairs as between the old and the new county, and to make an accounting, and for such purpose, they may employ experts for such work. There is no requirement or presumption in law that the commissioners will personally do such work. Harris v. Gibbins, 114 Cal. 418, 46 Pac. 292; Lewis v. Colgan, 115 Cal. 529, 47 Pac. 357; Prothero v. Twin Falls County, 22 Idaho, 598, 127 Pac. 175; Blades v. Hawkins, 133 Mo. App. 328, 112 S. W. 979, affirmed in 240 Mo. 187, 144 S. W. 1198, Ann. Cas. 1913B, 1082; Duncan v. Lawrence County, 101 Ind. 403; Garrigus v. Howard County, 157 Ind. 103, 60 N. E. 948, 164 Ind. 589, 73 N. E. 82, 74 N. E. 249; Perry County v. Gardner, 155 Ind. 165, 57 N. E. 908; Tasker v. Garrett County, 82 Md. 150, 33 Atl. 407; Nixon v. State, 96 Ind. 111; Hoffman v. Lake County, 96 Ind. 84; Tippecanoe County v. Mitchell, 131 Ind. 370, 15 L.R.A. 520, 30 N. E. 409; Boggs v. Caldwell County, 28 Mo. 586.

They have general authority to appoint such employees and servants to do such service. 11 Cyc. 473; Youmans v. Wyandotte County, 68 Kan. 104, 74 Pac. 617; Manley v. Scott, 108 Minn. 142, 29 L.R.A. (N.S.) 652, 121 N. W. 628; Kornburg v. Deer Lodge County, 10 Mont. 325, 25 Pac. 1041; Tasker v. Garrett County, 82 Md. 150, 33 Atl. 407; Webster County v. Taylor, 19 Iowa, 117; Baker v. Washington County, 26 Iowa, 148; Ringgold v. Allen, 42 Iowa, 697.

The work required to be done was of an exceptional nature, requiring skill, knowledge, and professional training. 2 Dill. Mun. Corp. p. 1203; 28 Cyc. 657; 20 Am. & Eng. Enc. Law, 1166; People ex rel. Smith v. Flagg, 17 N. Y. 584; Smith v. New York, 21 How. Pr. 1;

Detwiller v. New York, 46 How. Pr. 218; Harlem Gaslight Co. v. New York, 33 N. Y. 324; Swift v. New York, 83 N. Y. 537; O'Brien v. Niagara Falls, 65 Misc. 92, 119 N. Y. Supp. 497; Newport News v. Potter, 58 C. C. A. 493, 122 Fed. 321; Moorhead v. Murphy, 94 Minn. 123, 68 L.R.A. 400, 110 Am. St. Rep. 345, 102 N. W. 219, 3 Ann. Cas. 434; Houston v. Glover, 40 Tex. Civ. App. 177, 89 S. W. 425; Houston v. Potter, 41 Tex. Civ. App. 381, 91 S. W. 389; Hurley Water Co. v. Vaughn, 115 Wis. 476, 91 N. W. 971; Gleason v. Dalton, 28 App. Div. 555, 51 N. Y. Supp. 337.

Accepting and retaining the benefits of the contract was a ratification thereof, and the county is bound. Minnesota Thresher Mfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 312; Bissell v. Michigan S. & N. I. R. Cos. 22 N. Y. 258; Green's Brice, Ultra Vires, 33–35; Bell v. Kirkland, 102 Minn. 213, 13 L.R.A.(N.S.) 793, 120 Am. St. Rep. 621, 113 N. W. 271; 29 Am. & Eng. Enc. Law, 2d ed. 42; 39 Cyc. 664; 4 Dill. Mun. Corp. 5th ed. § 1611, p. 2812.

Even if the contract was *ultra vires* and void, still there was complete ratification, and plaintiff is estopped. 20 Am. & Eng. Enc. Law, 1182; Goose River Bank v. Willow Lake School Twp. 1 N. D. 26, 26 Am. St. Rep. 605, 44 N. W. 1002; Capital Bank v. School Dist. 1 N. D. 497, 48 N. W. 363; Gull River Lumber Co. v. School Dist. 1 N. D. 500, 48 N. W. 427; State ex rel. Diebold Safe & Lock Co. v. Getchell, 3 N. D. 243, 55 N. W. 585; Erskine v. Steele County, 4 N. D. 339, 28 L.R.A. 645, 60 N. W. 1050; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Roberts v. Fargo, 10 N. D. 230, 86 N. W. 726; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; Fox v. Walley, 13 N. D. 610, 102 N. W. 161; McKinnon v. Robinson, 24 N. D. 367, 139 N. W. 580.

The general power to act in the premises being shown, a municipal corporation will be estopped to deny its proper exercise. 20 Am. & Eng. Enc. Law, 2d ed. p. 1182; National Tube Works Co. v. Chamberlain, 5 Dak. 54, 37 N. W. 761; McGuire v. Rapid City, 6 Dak. 346, 5 L.R.A. 752, 43 N. W. 706; Des Moines v. Welsbach Street Lighting Co. 110 C. C. A. 540, 188 Fed. 906; Illinois Trust & Sav. Bank v. Arkansas City, 34 L.R.A. 518, 22 C. C. A. 171, 40 U. S. App. 257, 76 Fed. 271; Hitchcock v. Galveston, 96 U. S. 341, 351, 24 L. ed. 659, 662; Peterson v. Ionia, 152 Mich. 678, 116 N. W. 562; Coit v. Grand Rapids, 115 Mich. 493, 73 N. W. 811; Arbuckle-Ryan Co. v. Grand

Ledge, 122 Mich. 491, 81 N. W. 358; Spier v. Kalamazoo, 138 Mich. 652, 101 N. W. 846; Scovel v. Detroit, 159 Mich. 95, 123 N. W. 569; Bell v. Kirkland, 102 Minn. 213, 13 L.R.A.(N.S.) 793, 120 Am. St. Rep. 621, 113 N. W. 271; Moore v. Ramsey County, 104 Minn. 30, 115 N. W. 750; State Bd. of Agri. v. Citizens Street R. Co. 47 Ind. 407, 17 Am. Rep. 703; Valparaiso v. Valparaiso City Water Co. 30 Ind. App. 316, 65 N. E. 1063; East St. Louis v. East St. Louis Gaslight & Coke Co. 98 Ill. 415, 38 Am. Rep. 97; Moore v. New York, 73 N. Y. 238, 29 Am. Rep. 134; New York v. Sonneborn, 113 N. Y. 423, 21 N. E. 121; Buffalo v. Balcom, 134 N. Y. 532, 32 N. E. 7; Grand Island Gas Co. v. West, 28 Neb. 852, 45 N. W. 242; Rogers v. Omaha, 76 Neb. 187, 107 N. W. 214; Miles v. Holt County, 86 Neb. 238, 27 L.R.A.(N.S.) 1130, 125 N. W. 527; Kansas City v. Wyandotte Gas Co. 9 Kan. App. 325, 61 Pac. 317.

*Chas. D. Kelso,* for respondent.

There is nothing in the law which gives the commissioners power to employ expert accountants, or to spend Burke county's funds for the benefit of Ward county. It was not necessary. Wheeler v. Wayne County, 132 Ill. 599, 25 N. E. 626; State ex rel Stuewe v. Hindson, 44 Mont. 429, 120 Pac. 490; Frederick v. Douglas County, 96 Wis. 411, 71 N. W. 801; McCloud v. Columbus, 54 Ohio St. 439, 44 N. E. 95; McDonald v. New York, 68 N. Y. 23, 23 Am. Rep. 144; McCurdy v. Shiawassee County, 154 Mich. 550, 118 N. W. 625; Goose River Bank v. Willow Lake School Twp. 1 N. D. 26, 26 Am. St. Rep. 605, 44 N. W. 1002; McBrian v. Grand Rapids, 56 Mich. 95, 22 N. W. 206; 10 Cyc. p. 1148, note 71; Erskine v. Steele County, 4 N. D. 339, 28 L.R.A. 645, 60 N. W. 1050.

A county, through its commissioners, cannot contract for something not provided for by law. Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; State ex rel. Coleman v. Dickinson County (State ex rel. Coleman v. Fry), 77 Kan. 540, 16 L.R.A.(N.S.) 476, 95 Pac. 392; Mather v. King County, 39 Wash. 693, 82 Pac. 121; Grannis v. Blue Earth County, 81 Minn. 55, 83 N. W. 495; Stevens v. Henry County, 218 Ill. 468, 4 L.R.A.(N.S.) 339, 75 N. E. 1024, 4 Ann. Cas. 136; Massie v. Harrison County, 129 Iowa, 277, 105 N. W. 507; Vindicator Printing Co. v. State, 68 Ohio St. 362, 67 N. E. 733; Frandzen v. San Diego County, 101 Cal. 317, 35 Pac. 897; State ex rel. Workman v. Gold-

thait, 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737; Holtzclaw v. Hamilton County, 101 Tenn. 338, 47 S. W. 421.

Commissioners cannot submit matter in dispute to arbitration. Myers v. Gibson, 147 Ind. 452, 46 N. E. 914; State ex rel. Scott v. Hart, 144 Ind. 107, 33 L.R.A. 118, 43 N. E. 7.

Advertisement for competitive bids on work to be done. Hobart v. Detroit, 17 Mich. 246, 97 Am. Dec. 185; Re Dugro, 50 N. Y. 513; Kilvington v. Superior, 83 Wis. 222, 18 L.R.A. 45, 53 N. W. 487; Nicolson Pavement Co. v. Painter, 35 Cal. 699.

A contract, where no publication was had for bids, is void. Publication, in such cases, should be the rule. Green v. Okanogan County, 60 Wash. 309, 111 Pac. 226, 114 Pac. 457; Baltimore v. Reynolds, 20 Md. 1, 83 Am. Dec. 535; People ex rel. Coughlin v. Gleason, 121 N. Y. 631, 25 N. E. 4; Chippewa Bridge Co. v. Durand, 122 Wis. 85, 106 Am. St. Rep. 931, 99 N. W. 603; City Improv. Co. v. Broderick, 125 Cal. 139, 57 Pac. 776; Santa Cruz Rock Pavement Co. v. Broderick, 113 Cal. 628, 45 Pac. 863; State ex rel. Stuewe v. Hindson, 44 Mont. 429, 120 Pac. 485; McCloud v. Columbus, 54 Ohio St. 439, 44 N. E. 95; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Wickwire v. Elkhart, 144 Ind. 305, 43 N. E. 216; Zottman v. San Francisco, 20 Cal. 96, 81 Am. Dec. 96; McDonald v. New York, 68 N. Y. 23, 23 Am. Rep. 144; McCurdy v. Shiawassee County, 154 Mich. 550, 118 N. W. 625; State ex rel. Workman v. Goldthait, 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737; Stevens v. Henry County, 218 Ill. 468, 4 L.R.A.(N.S.) 339, 75 N. E. 1024, 4 Ann. Cas. 136; Myers v. Gibson, 147 Ind. 452, 46 N. E. 914.

One who deals with a public corporation deals at his peril, and is presumed to know the limit of authority of the officers and that all preliminary steps have been taken. State ex rel. Stuewe v. Hindson, 44 Mont. 429, 120 Pac. 490; Frederick v. Douglas County, 96 Wis. 411, 71 N. W. 801; McCloud v. Columbus, 54 Ohio St. 439, 44 N. E. 95; McDonald v. New York, 68 N. Y. 23, 23 Am. Rep. 144; McCurdy v. Shiawassee County, 154 Mich. 550, 118 N. W. 625; McBrian v. Grand Rapids, 56 Mich. 95, 22 N. W. 206; Wickwire v. Elkhart, 144 Ind. 305, 46 N. E. 216, cited supra.

. As against the public, the doctrine of equitable estoppel by laches is very rarely applied. Newbery v. Fox, 37 Minn. 141, 5 Am. St. Rep.

830, 33 N. W. 333; Frederick v. Douglas County, 96 Wis. 411, 71 N. W. 798; State ex rel. Stuewe v. Hindson, 44 Mont. 429, 120 Pac. 490; Zottman v. San Francisco, 20 Cal. 96, 81 Am. Dec. 96; McDonald v. New York, 68 N. Y. 23, 23 Am. Rep. 144; 28 Cyc. p. 674, note 22, and p. 675, note 23; Hope v. Alton, 214 Ill. 102, 73 N. E. 406; McCurdy v. Shiawassee County, 154 Mich. 550, 118 N. W. 625; Fox v. Walley, 13 N. D. 610, 102 N. W. 161; Coit v. Grand Rapids, 115 Mich. 493, 73 N. W. 814.

BRUCE, J. Plaintiff sought to enjoin the payment of a warrant for services rendered as an expert accountant. The appeal is from an order sustaining a demurrer to the answer. The facts set up by the complaint and answer, and conceded by the demurrer, are that at the 1908 election Ward county was divided into the counties of Ward, Mountraill, Renville, and Burke; that of the new counties Mountraill was the first to be organized; that it caused to be prepared a report of the records and accounts of Ward county up to and including July 1, 1909; that Burke county was not organized until July, 1910, the delay being caused by litigation; that upon its organization it became necessary for the commissioners of Burke county to ascertain and verify the same facts and figures, and to examine the same records and accounts, as had the county of Mountraill, and to continue such examination and report down to July 1, 1910, for the purpose of the settlement required by § 2336, Rev. Codes 1905, which provides that "any county organized under this article shall assume . . . a just proportion of the indebtedness of the county from which it is segregated, based upon the last assessed valuation . . . and in the proportion that the valuation within the segregated portion bears to the aggregate . . . and it is the duty of the commissioners of both [counties] . . . to meet together at the county seat . . . they shall ascertain as near as may be the total outstanding indebtedness of the original county on the 1st day of January or July, as the case may require, next preceding the date of the joint session provided for in this section, and from such total they shall make the following deductions: (1) The amount of all dues from rents, (2) the amount of outstanding bonds given or money paid for public property owned by and remaining within the limits of the original county, (3) the amount of public funds on hand and be-

longing to the original county on the day for which its outstanding indebtedness is ascertained by the joint board of county commissioners as provided for in this section, and not belonging to the special funds hereinafter mentioned, etc. ;" that the Burke county commissioners were not qualified to make the examination or report; that Ralph Abbott was formerly a commissioner of Ward county and had been the first auditor of Burke county, and that Edith Abbott had been employed as one of the clerks of said county and was familiar with the books and records thereof; that the said Ralph Abbott and Edith Abbott were persons skilled in the work required to be done; that it was necessary and essential that said work be promptly done; that the said Abbotts were employed by the board to do the said work; that the sum agreed to be paid was reasonable; that said services were performed in a good and satisfactory manner; that under the contract there was due the sum of $325; that there was no advertisement for bids and that the contract was not let upon competitive bidding; that a properly verified and itemized bill was presented, audited, and allowed for such work, and that the county commissioners of Burke county made use of the report, and that the final adjustment required by § 2336, Rev. Codes 1905, was made and was based thereon.

The points upon which the demurrer was sustained and the force and validity of which are in issue upon this appeal are (1) that the board of county commissioners was itself charged with the sole and personal duty of making the investigations, calculations, and examinations required by § 2336, Rev. Codes 1905, and had no power to delegate the duty, and therefore no power to contract for the services of the special accountants; (2) that even if such service might be contracted for, the contract should have been the subject of competitive bidding, and came within the provisions of § 2421, Rev. Codes 1905; (3) that such contract was unauthorized and void, and was not and could not be held ratified by the mere fact that the settlement between the two counties was based upon the work of the said accountants.

An examination of §§ 166, 167, 171, 172, of the Constitution of North Dakota, and of §§ 2336, 2348, 2377, 2309, 2400, 2401 (as amended by chapter 118 of the Laws of 1911), 2418, 2419, 2420, and 2421, of the Revised Codes of 1905, will, we believe, make it clear to anyone that not only was the superintendence of the fiscal affairs of the new

28 N. D.—16.

county of Burke intrusted to the board of county commissioners, but that in the particular case before us the board was intrusted by the statute with the duty of making a settlement of accounts with the original county, and of agreeing upon and determining in conjunction with the board of the parent county, the amount of the indebtedness which the new county should assume and pay. It is conceded by the demurrer that the commissioners were not expert accountants; that many books and documents and accounts needed to be examined; that it was necessary that this work should be promptly done; that the experts employed were skilled and competent; that the amount agreed to be paid was reasonable, and that the services were performed in a skilful and satisfactory manner. It would seem to us to be too plain to need argument that the power to superintend the fiscal affairs of a county and to make a settlement between two counties carries with it the implied power to employ and pay for experts and assistance which is necessary for the carrying out of that work. Nor do we believe that there is the slightest merit in the contention that since, according to the provisions of § 2336, Rev. Codes 1905, the duty of ascertaining "as near as may be the indebtedness of the original county" was a duty devolving upon the boards of both counties, and was to be performed in a joint meeting, if expert accountants could be employed at all, they could only be employed by the joint action of the boards of both counties. We must remember that the interests of the counties in such a settlement and investigation are hostile, and though the settlement must necessarily be jointly made, and requires the consent and action of the two parties, it is absolutely necessary that the agents of each of these parties or counties shall themselves be fully informed. Much less merit, too, is there in the contention that since the statute merely states that the boards shall *"ascertain as near as may be"* the total outstanding indebtedness, etc., accuracy was not required, and the employment of experts was not necessary, and was therefore not anticipated. One might indeed as well contend that, when in a lawsuit all of the evidence is to be found in the books which are in the possession of one of the parties, his opponent is precluded from testing or questioning the accuracy or authenticity of those books, and of scientifically and intelligently informing himself on the very issues which are in controversy, because forsooth there is to be found in the archives of the law

the ancient and much-respected doctrine of *de minimis non curat lex*. The proposition needs only to be stated to meet with its own refutation.

We realize that there is no express statutory authority for the employment of experts in cases such as that before us. The doctrine of implied powers, however, is one which is of quite general application, and can, we believe, be resorted to here. "The county government act," says the supreme court of California in Harris v. Gibbins, 114 Cal. 418, 46 Pac. 292, "requires many things of the supervisors which they could not wholly accomplish personally or do manually with their own hands. It is difficult to conceive how a board of supervisors, in its capacity as a body corporate and politic, could expert books or be an expert accountant, and yet the experting of books seems to be necessary to that supervision of county officers which the law expressly imposes upon such board. Power to accomplish a certain result, which evidently cannot be accomplished by the person or body to whom the power is granted, without the employment of other agencies, includes the implied power to employ such agencies, and in such case when the law does not prescribe the means by which the result is to be accomplished, any reasonable and suitable means may be adopted." See also Prothero v. Twin Falls County, 22 Idaho, 598, 127 Pac. 175; Blades v. Hawkins, 133 Mo. App. 328, 112 S. W. 979, 240 Mo. 187, 144 S. W. 1198, Ann. Cas. 1913B, 1082; Duncan v. Lawrence County, 101 Ind. 403; Perry County v. Gardner, 155 Ind. 165, 57 N. E. 908; Garrigus v. Howard County, 157 Ind. 103, 60 N. E. 948.

Nor was it necessary that the services which were contracted for in the case at bar should have been the subject of competitive bidding. The only statute which is in any way applicable is § 2421, Rev. Codes 1905, which makes a specific provision for competitive bids in the case of contracts for county buildings, but contains the further provision that "the provisions of this section shall apply to all contracts for fuel, stationery, and all other articles for the use of the county or *labor to be performed therefor,* when the amount to be paid for the same during any year exceeds the sum of $100." It is universally held that, in the absence of a constitutional or statutory mandate, competitive bids are not necessary. Price v. Fargo, 24 N. D. 440, 139 N. W. 1054; 28 Cyc. 657.

The word "labor," when used in a similar context to that furnished

by the statute before us, has, we believe, never been held to cover and include expert or semi-professional services such as those furnished by lawyers, doctors, chemists, consulting engineers, and expert accountants.    2 Dill. Mun. Corp. 1203; 28 Cyc. 657; 20 Am. & Eng. Enc. Law, 1166; People ex rel. Smith v. Flagg, 17 N. Y. 584; Newport News v. Potter, 58 C. C. A. 493, 122 Fed. 321; Moorhead v. Murphy, 94 Minn. 123, 68 L.R.A. 400, 110 Am. St. Rep. 345, 102 N. W. 219, 3 Ann. Cas. 434; Dewell v. Hughes County, 8 S. D. 452, 66 N. W. 1079.

There is no suggestion of fraud to be found in the complaint.   The demurrer to the answer admits that the services contracted for were necessary, that they were well and faithfully performed, and that they were reasonably worth the amount which was agreed to be paid therefor.   This is all that the law requires.   Price v. Fargo, supra.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings according to law.