# Fiscal Court of Jefferson County v. Louisville Tent & Awning Company.

(Decided October 21, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas, Division No. 1).

1. Counties—Fiscal Court.—The fiscal court, alone, can exercise the corporate powers of a county, except in the instances, where the law has otherwise provided.

2. Counties—Election Booths—Fiscal Court Bound by Contract of Purchase.—Under section 1467, Ky. Stats., the sheriff of a county is authorized to purchase booths, for the purpose of the elections of the county, and the county is bound by his contract and the fiscal court must comply with it, by allowing for the price of the booths and directing the treasurer to pay it, unless the contract was the result of the fraud of the vendor or fraudulent collusion between the vendor and sheriff.

J. MATT CHILTON and JOHN BRYCE BASKIN for appellant.

H. N. LUKINS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The sheriff of Jefferson county, previous to the regular election, in 1918, entered into a contract with the appellee, Louisville Tent and Awning Company, by the terms of which it was agreed, that the appellee would sell and furnish to the county, one hundred and fifty sets of curtains for the booths to be used in voting, at the elections, in that county, at the price of $3.50 per set, amounting in all to the sum of $525.00. In accordance with this contract, the appellee delivered the curtains at the court house of the county, where they were stored by the sheriff. In the month of September, the appellee presented its claim to the commissioners, composing the fiscal court, of the county, and demanded, that it make an order allowing the amount of the claim, and to direct the treasurer of the county to pay it.

The commissioners refused to allow the claim, upon the ground, that the sheriff had made the purchase of the curtains, without the authority of the fiscal court. An appeal was taken from the order disallowing the claim to the circuit court. An answer was filed in the circuit court, by the fiscal court which alleged as reasons, why its refusal to allow the claim was justified, that the price charged and agreed to be paid for the curtains, was ex-

orbitant, and that the curtains were worth only $2.50 per set, and that they were purchased by the sheriff, without an order from the fiscal court authorizing him so to do, and that such court, alone, had authority to bind the county by a contract for the purchase of curtains for the booths, and that the sheriff was without such authority. A general demurrer to the answer was sustained. An agreement as to the facts was filed, which was to the effect, that the sheriff purchased the curtains from appellee, at the price, heretofore stated, for the purpose of using them for closing the election booths, to be used at the elections, so that the voters would be screened from observation, when voting, and that they were delivered to the sheriff, and were placed upon the booths by him, at the election, held in 1918. The court rendered a judgment in favor of appellee for the sum sued for, with interest, and the fiscal court, has appealed.

(a) If the sheriff was not authorized by law to make the contract for the purchase of the curtains, it is very clear, that his unauthorized assumption of authority to do so, would not create any obligation upon the county to pay for them, nor could it be bound by any ratification of the contract, by its officials, either expressed, or implied from their acts.

Hence, the question here for decision is, whether the sheriff was authorized by law to make the contract to purchase the curtains, and if so, his contract would be a binding obligation upon the county, to which the fiscal court would be bound to respond, by making an order, allowing the vendor the price of the curtains. To determine this question, a reference to the statutes upon the subject must be made, as the sheriff could not have the authority from any other source to bind the county, for purchases of election supplies. Section 1467 Ky. Stats. provides:

"It shall be the duty of the sheriff of each county, before each election, to secure in each precinct of the county, a suitable room, in which to hold the election, and to have placed therein, sufficient number of booths or compartments, in which electors shall mark their ballots, screened from observation. . . . The expense of rooms and booths shall be paid in the same manner as other election expenses."

Section 1468, Ky. Stats.: "It shall be the duty of the sheriff of each county, or the officer acting for him, when, for any cause the sheriff can not act, to provide for each

precinct or voting place in the county, and at the expense of the county, to be paid out of the county funds upon order of the county court and allowed by the fiscal court, a strong and well made ballot box . . . ."

Section 1467, *supra,* in addition to the portion quoted, requires that the voting booths shall be enclosed upon three sides, and shall have a swinging door to permit entrance to it, by the voter upon the other side, or else have a curtain extended over that side, which will reach to within two feet of the floor. The booth is not a suitable one, under the statute, for use in the elections, unless it is provided with the swinging door or the curtain. It is made the duty of the sheriff of the county to have such booths placed in the rooms, which he is required to secure for the purpose of holding the elections. The statutes upon the subject of elections, which are comprised in sections 1437 to section 1596a, inclusive, and which undertake to prescribe the duties of various officers touching the elections, as well as the duties of the voters, contain no directions, as to it being the duty of any one to provide the booths, except what is contained in section 1467, *supra,* where it is said, that "it shall be the duty of the sheriff in each county, before each election, to secure in each precinct of the county, a suitable room to hold the election and to have placed therein, sufficient number of booths or compartments in which electors shall mark their ballots screened from observation." It will be observed, that section 1468, *supra,* requires the sheriff to provide the ballot boxes for use in the elections, at the expense of the county, and to be allowed and paid for by the fiscal court, but, this he must do upon the authority of an order of the county court, which it seems must be had to authorize the sheriff to "provide" a ballot box. The statute with reference to booths does not, in terms, authorize the sheriff to purchase them, or their necessary parts, or to enter into contracts for their purchase, and neither does it authorize any other person, officer or court, so to do. The foregoing, however, is not to be understood as meaning that the fiscal court, in the exercise of its general powers as the representative of the corporation of the county, may not provide booths for the elections, and when same has been done, there could be no doubt, that the sheriff should make use of such booths, but, when the duty is imposed upon the sheriff to secure rooms and place therein booths, and it has not

been made the duty of any one to provide the booths, other than the sheriff, it seems that the legislature intended, by the words used in the statute, although inapt, to direct the sheriff to provide the booths, because he could not do so, without the power, as an incident, to enter into contracts for their purchase. If the legislature had intended, that he should first have an order of the fiscal court directing him to provide booths, before being authorized to procure them by contract, it seems reasonable, that it would have so provided, as it did in the following section of the statute, when it provided for an order of the county court to authorize him to provide ballot boxes. The reason for the legislature vesting in the sheriff, the authority to provide booths, at the expense of the county, and to bind the county by his contracts for them, probably arises from the 'fact, that the elections are more or less . attended with partisan excitement, which induces certain persons to attempt to obstruct the elections, by denying the use of rooms, and oftentimes, by pretendedly losing election paraphernalia, entrusted to them, and by sometimes, destroying it, which produce emergencies, which must be overcome at once, if the election is to be held; and the personnel of the fiscal courts, in the larger number of the counties, is such, and so scattered throughout the counties, that in case of emergency arising for rooms and booths, the election would be over before the fiscal court could be convened in session. In case of the need of a ballot box, the county court, consisting of only one person, and in session upon all days, can be readily applied to. The conclusion above reached, is fortified by the statutes, 1465 and 1466, Ky. Stats., the first of which directs the clerk of the county court to cause the ballots to be printed, or in other words, to provide the ballots, and other election supplies, and the latter section makes it the duty of the county court clerk and county attorney to cause to be printed and to furnish the election clerks with instruction ballots. The above duties are entrusted to the named officers, who are necessarily authorized to contract for the printing and supplies, and the fiscal courts are bound by their contracts, without any previous orders by that court authorizing the officers to make the contracts.

Section 1540, Ky. Stats., provides: "The costs of all elections, held in any county, shall be allowed by the fis-

cal court of such county, and paid by the county treasurer, except as otherwise provided by law."

There is no other provision of law for the payment of the cost of booths.

Section 1834, Ky. Stats., is relied upon as denying the liability of the fiscal court to order paid the sums paid, or contracted to be paid by the sheriff, for election booths. It provides, as follows:

"Unless otherwise provided by law, the corporate powers of the several counties of this state, shall be exercised by the fiscal courts thereof, respectively."

Under the provisions of the above statute, it is insisted, that the fiscal courts can, alone, exercise the corporate powers of a county to the extent of binding it by a contract, and this is true, except when in the language of the statute, it is "otherwise provided."

In the instance of the sheriff providing booths for the elections it is "otherwise provided," and the fiscal court is bound to allow, and direct to be paid, the costs of booths provided by the sheriff and used in the elections, in the county, when the contract for the booths was not the result of fraud practiced by the vendor upon the sheriff, nor of fraudulent collusion between the sheriff and the vendor. The answer, in the instant case, does not contain any defense founded upon allegations of fraud or collusion.

The judgment is therefore affirmed.