## Krieger, County Judge, et al. v. Standard Printing Company.

(Decided May 20, 1921.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Counties—Contracts for Election Supplies—Duties of County Clerk.—The county clerk is not required to let by competitive bids contract for election supplies which by section 1465, vol. 3, Kentucky Statutes, he is required to provide.

2. Counties—Contracts for Supplies—Fiscal Court Bound by.—The fiscal court is bound by the contract of the county clerk for such supplies, except where the contract is the result of fraud upon the part of the vendor or of fraudulent collusion between the vendor and the county clerk.

3. Counties—Contracts for Election Supplies.—Where such contract is unenforcible, the vendor may recover the reasonable value of such supplies, as were received by the county clerk and used at the election.

4. Appeal and Error—Instructions.—Instructions whether right or wrong are binding upon a jury and a disregard thereof will authorize a reversal, but there is no disregard of the instructions where the verdict is sustained by the evidence under one of two instructions given.

JOHN B. BASKIN and J. MATT CHILTON for appellants.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the members of the fiscal court of Jefferson county, to whom we shall refer as defendants, from a verdict and judgment against them for $2,169.00 in favor of the Standard Printing Company, called plaintiff herein.

The judgment is the full amount of plaintiff's bill for supplying to the county clerk of Jefferson county all of the supplies for the November, 1919, election which by section 1465, vol. 3, Kentucky Statutes, he was required to provide. When the county clerk, having approved the bill, presented it to the fiscal court for payment, that body objected to the amount charged for printing each of the two kinds of ballots furnished, and reduced the amounts charged therefor a total of $750.00, allowing only $1,419.-00 in satisfaction of the bill. This the plaintiff refused to accept and appealed to the circuit court, where it filed

a petition in which it alleged that the several items of the bill were furnished to the county clerk upon a contract and at the prices set out in the bill. The defendants filed an answer admitting that the county was indebted to the plaintiff for the several items set out in the bill in the sum of $1,419.00 and they did not deny the alleged contract; but they averred that the charges were excessive and fraudulent to the extent of $615.00 for the large ballots and to the extent of $135.00 for the small ballots; that either the clerk was unfamiliar with the value of such work and plaintiff had practiced a fraud upon and deceived him as to the real value of same or else the clerk and plaintiff had fraudulently colluded to defraud the county out of the said sums aggregating $750.00; that one or the other, but defendants did not know which, of these state of facts was true. A reply traversing the affirmative allegations of the answer completed the issues.

Plaintiff offered evidence to prove that the county clerk had awarded it a contract within the time required by law and upon competitive bidding for printing and binding the regular or large ballots which contained the names of all candidates, for the sum of $1,250.00; that the small or constitutional amendment ballots were furnished upon order of the county clerk and without bids; that there was no fraud or collusion and that the sums charged, $1,250.00 for the large ballots and $375.50 for the small ballots, were customary and reasonable.

Defendant's evidence tends to prove that the contract for printing the larger ballots was awarded to plaintiff by the county clerk collusively and without competitive bidding; that the printing and binding of the large ballots was reasonably worth only from about $600.00 to $685.00 and of the small ballots from $240.00 to $250.00.

At the conclusion of the evidence the court overruled motions of both parties for a directed verdict and, over the objections of each party, gave to the jury a single instruction which for convenience we have divided into two parts as follows:

"1. If the jury shall believe from the evidence that the county clerk gave reasonable notice to persons and corporations engaged in the printing trade in the city of Louisville, who had the requisite facilities for doing the work required, of his requirements of election paraphernalia for the November election, 1919, and of the time within which bids for said work would be received, and thereafter, at the time fixed he opened said bids and

awarded the work to the lowest and best bidder, and that the Standard Printing Company was the lowest and best bidder, and was awarded the contract at and for the price of $2,169.00, then the law is for the plaintiff and the jury should find for the Standard Printing Company in said sum of $2,169.00 with interest from December 24, 1919.''

"2. But unless you so believe from the evidence, or if you believe from the evidence that the plaintiff and the said clerk colluded for the purpose of enabling the plaintiff to charge said county an unreasonable price for said articles and work and that in pursuance of said collusion, if they did so collude, the plaintiff charged said county unreasonable prices for the articles and services mentioned, or any part thereof, then in either of said state of events you can only find for the plaintiff the fair and reasonable market value of the work and services performed by the plaintiff at the time delivery was required of it, to-wit, October 4, 1919, with or without interest in the discretion of the jury, from December 24, 1919, the award, however, not to be less than the sum of $1,419.00, which sum the defendant admits as owing to the plaintiff.''

For reversal defendants insist (1) that the instructions given are prejudicially erroneous and (2) that the jury disregarded the instructions.

The first part of the instruction assumes, it will be noticed, that the law required that the contract for printing the ballots must be let by the county clerk after due notice to the lowest and best bidder, and whether or not this is true is the principal question at issue upon this appeal.

Section 1465 of the statutes makes it the duty of the county clerk to furnish the ballots, tally sheets and certain other utensils required in holding an election, just as section 1467 makes it the duty of the sheriff to provide the election booths. With reference to these sections of the statutes, we said in Fiscal Court of Jefferson County v. Louisville Tent and Awning Co., 185 Ky. 466:

''The above duties are entrusted to the named officers who are necessarily authorized to contract for the printing and supplies, and the fiscal courts are bound by their contracts, without any previous orders by that court authorizing the officers to make the contracts. . . . and the fiscal court is bound to allow, and direct to be paid, the costs of booths provided by the sheriff and used in the elections, in the county when the contract for the booths was not the result of fraud and practiced by the vendor

upon the sheriff, nor of fraudulent collusion between the sheriff and the vendor.'

Section 1467 does not require that the sheriff shall let the contract for furnishing the booths by competitive bidding nor is there any provision in section 1465 or elsewhere in the statutes requiring the county clerk to let the contract by competitive bidding for the ballots and other utensils he is required to provide for an election. It is quite universally held that in the absence of a constitutional or statutory mandate, competitive bids are not necessary. Braaten v. Olson, County Treasurer, 28 N. D. 235; 148 N. W. 829; State v. Supervisors of Dixon County, 24 Neb. 106, 37 N. W. 936; State v. Lincoln County, 35 Neb. 346, 53 N. W. 147; Henry County v. Gillies, 138 Ind. 667, 38 N. E. 40; Riverside County v. Yawman, etc., 3 Cal. A 101, 86 P. 900, 15 C. J. 549.

Counsel for defendants concede there is no such statutory mandate but insist that section 247 of the Constitution, which requires that contracts for ''the printing and binding of the laws, journals, department reports and all other public printing and binding'' shall be given to the lowest responsible bidder, is applicable here. This contract, however, is for county printing and that section of the Constitution refers only to the public printing of the state as is clearly shown by the provision therein that all such contracts as are referred to shall be subject to the approval of the Governor.

We are therefore of the opinion, there being neither constitutional nor statutory provision requiring the county clerk to purchase by competitive bidding the election supplies he must buy under section 1465 of the statutes, that such contracts as he may make therefor are binding upon the fiscal court, just as are the contracts of sheriffs for election booths, except where the contract is the result of fraud upon the part of the vendor or fraudulent collusion between the vendor and the county clerk. It therefore results that the first instruction given, is erroneous and placed upon the plaintiff a more onerous burden of proof than the law authorized, but of this, the defendants of course cannot complain. Neither can they complain of the second instruction which is in substantial accord with the only instruction they asked the court to give, and is besides correct in substance if not in form, since we have held more than once that even where the contract declared upon is unenforcible a *quantum meruit* recovery may

be had if a governmental agency has accepted material or work and had the power to make a valid contract therefor. Nicholasville Water Co. v. Council, etc., 36 S. W. 546, 18 Ky. Law Rep. 592; City of Providence v. Providence Electric Light Co., 91 S. W. 664, 28 Ky. Law Rep. 1015.

Counsel for defendants are quite insistent this principle is not applicable here upon the theory that the fiscal court and not the county clerk is the only agency empowered thus to bind the county. But as we have already seen from Fiscal Court v. Louisville Tent and Awning Co., *supra,* that section 1465 of the Statutes empowers the county clerk instead of the fiscal court, to purchase and receive for the county such election supplies as are here involved; hence it is to his acts and not the fiscal court's we must look to ascertain whether there is a binding contract or an acceptance with resultant obligation of any kind upon the county. There is therefore no merit in defendants' first contention.

Their second contention, that the judgment must be reversed because the jury disregarded the court's instructions, is likewise untenable.

There are numerous cases to sustain the contention that the instructions given whether right or wrong are binding upon a jury and that a reversal will be ordered if the jury disregards the court's instructions. Lynch v. Snead Iron Works, 132 Ky. 247, 116 S. W. 693; St. Paul Fire and Marine Insurance Company v. Kendle, 163 Ky. 146, 173 S. W. 373; Yellow Poplar Lumber Company v. Bartley, 164 Ky. 763, 176 S. W. 201.

But counsel for defendants are mistaken as to the facts. A verdict for plaintiff for the full amount of its claim was authorized under the first instruction if the jury believed from the evidence the contract was let in the manner therein specified or under the second instruction if the jury believed from the evidence the work was worth the amount charged therefor. There was as counsel contends no evidence to sustain the verdict under the first instruction, but there was evidence that the work was worth the amount charged therefor and the verdict is therefore sustained by the evidence under one of the two instructions given by the court. Hence it cannot be said that the jury disregarded the court's instructions.

Wherefore the judgment is affirmed.