## Jefferson County Fiscal Court et al. v. Theisen, Clerk of County Court.

June 16, 1944.

Lawrence S. Grauman, County Attorney, for appellants.

Allen P. Dodd for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The sole question for determination in this declaratory judgment action, filed in the Jefferson circuit court by the county's fiscal court against its county court clerk is, Who has the legal authority to enter into contracts for ballot paper and the printing of ballots, and for election paraphernalia other than booths and precinct places for holding the election? The furnishing of booths and places for holding the election devolves on the sheriff of the county, and is not a question involved in this litigation.

It is the contention of plaintiff, and appellant here, that it possesses the exclusive authority to make contracts for the printing of the ballots, and for the ballot paper, and other paraphernalia necessary for conducting the election, whilst, defendant, the county clerk, not only controverts plaintiff's contention but contends that he possesses such authority. Upon submission of the case the court denied the contention of plaintiff and upheld that of defendant and made declarations accordingly. From that judgment plaintiff prosecutes this appeal.

The governing section prescribing the duties of

county court clerks with reference to providing ballots for use in elections by the people is section 1460 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. That section was amended in 1936 by Chap. 46, page 135 of the Acts of that year, the amendment chiefly consisting in the addition of a paragraph at the end of it inserted for the first time by the 1936 Act, and which reads:

"The ballots to be used in any primary, general or special election in any county shall be printed by a printing establishment located within the county, if any be so located and capable of furnishing same, if not, by one located within the Commonwealth and each county court clerk shall comply with this section by having said printing done by a printing establishment of the county, if one be located therein."

That added paragraph remained a part of the section until the enactment of Chap. 169, page 684 of the Acts of 1942, amending and revising our election law and which is now section 118.010 to and including 118.990 of KRS, the sections not being consecutive by number but with spaces between them for the insertion of future amendments, if any.

In the 1942 Act the substance of the old section 1460 of Carroll's 1936 Statutes is contained in section 118.170 of KRS, but omitting the above-inserted clause to the old section that was put into it by the 1936 Act as above stated. It is therefore argued by the fiscal court that the amendment added to section 1460 by the 1936 Act contained the only authority for county court clerks to enter into contracts for the material and printing of ballots, and that when that paragraph was omitted in the 1942 Act the authority of the county court clerk to perform such duties no longer existed, and that the fiscal court thereby became vested with the authority theretofore exercised by the county clerk under its general authority as the fiscal court of the county in the expenditure of public funds. That argument might be conclusive so as to authorize a reversal of the judgment but for two reasons:

1. In the case of Krieger v. Standard Printing Co., 191 Ky. 552, 231 S. W. 27, decided May 20, 1921, we held that it was the duty of the county court clerk to enter into contracts for the ballot material as well as the printing to be put thereon. At that time the clause above in-

serted had not been made a part of the section 1460 of Carroll's Kentucky Statutes, and which made the situation at that time the same as now exists since the enactment of 1942. Notwithstanding the absence of the 1936 amendment to section 1460 we construed our election statute in that opinion—not including that clause—to vest authority in the county court clerk and not in the fiscal court to make the contracts here involved. So far as the authority of the county court clerk to contract for stencils and other paraphernalia for the use of the voters is concerned, the 1942 elimination of the above excerpt of the original section 1460 cannot possibly have any bearing whatever on the authority of the county court clerk to contract for and provide such paraphernalia, since the eliminated language from section 1460, supra, by the 1942 Act makes no reference whatever to such duties.

2. It is equally clear to our minds that the 1936 amendment, supra, to the original section 1460 of Carroll's Statutes when properly construed, displays no purpose to limit, or otherwise qualify the theretofore authority of county court clerks to enter into the character of contracts here involved, but that its only purpose was to require the county court clerk to let the contracts for the purposes indicated to a contractor located, first in the county, if one, but if none, then to someone located within the Commonwealth, and which the law before such amendment permitted the county court clerk to contract with any printing establishment wheresoever located. The 1942 Act did nothing but restore the original situation as existed prior to the 1936 Act, during which the Krieger opinion, supra, was rendered.

The deleted language from the 1936 Amendment to the orginal section 1460 makes no reference whatever to any duty which the law, as then construed by us and contemporaneous construction of administrative enforcement officers conferred on the county court clerk, except to require him to select local contractors for the performance of the service, first, one located in the county, but if none then one located within the Commonwealth. None of its language in any way touched, or in any manner qualified the authority of the county court clerk, theretofore possessed by him in the performance of his duties with reference to elections by the people.

As said in the Krieger opinion, if the county clerk collusively or fraudulently performs his duty in letting such contracts it may be remedied by any appropriate legal action for the purpose, by the fiscal court, or anyone adversely affected thereby. Another case sustaining the conclusions we have reached, in all of the essentials to sustain the judgment appealed from is, Fiscal Court of Jefferson County v. Louisville Tent & Awning Co., 185 Ky. 466, 215 S. W. 88.

We deem it unnecessary to further lengthen the opinion, or to refer to or discuss any of the related sections of the statute cited in briefs, since the determinative questions are the ones we have above discussed, and the other sections of the statute referred to by counsel are only in furtherance of their efforts to substantiate their respective contentions.

Wherefore, for the reasons stated, the judgment is affirmed.