# Jefferson County Fiscal Court et al. v. Queenan.

December 12, 1950.

Lawrence F. Speckman, Judge.

Lawrence G. Duncan and Lawrence S. Poston for appellants.

Lawrence S. Grauman for appellee.

JUDGE HELM—Affirming.

Appellants, Jefferson County Fiscal Court; Boman L. Shamburger, as Judge of Jefferson County Court, Chairman, Mark Beauchamp, Stuart E. Lampe, and Robert A. Fihe, as Commissioners, composing the Jefferson County Fiscal Court, filed this declaratory judgment action against appellee, James F. Queenan, as County Clerk of Jefferson County, requesting a declaration of rights as to whose obligation it is to bear the expense of repairing and keeping in good mechanical condition the voting machines used in elections in Jefferson County. Appellants maintain that this is the duty of the county clerk; appellee, the county clerk, maintains that this is the duty of the Jefferson County Fiscal Court.

Section 147 of our Constitution provides: "* * * Counties so desiring may use voting machines, these machines to be installed at the expense of such counties. * * *"

KRS 125.020 provides: "The fiscal court of any county may purchase * * * voting machines, * * *."

Jefferson County has 355 voting precincts. It owns

370 voting machines, 25 of which were acquired in 1943, 325 in 1946, and 20 in 1949. KRS 125.050 provides: "When voting machines are acquired by any county, they shall be immediately placed in the custody of the county clerk, and shall remain in his custody at all times except when in use at an election or when in the custody of a court or court officer during contest proceedings. The clerk shall see that the machines are properly protected and preserved from damage or unnecessary deterioration, and shall not permit any unauthorized person to tamper with the machines."

Since Jefferson County has had voting machines, they have been kept in the custody of the county clerk. From the record it appears that the Jefferson County Fiscal Court has provided a room at the Armory in Louisville, under the first floor, for the storage of the machines when not being used in an election. It develops that there is considerable cost connected with the repair and maintenance of the voting machines owned by Jefferson County. Appellee concedes that it is his duty to keep the custody of the voting machines without additional compensation.

From the record it appears that appellants have borne the expense of repairs and maintenance of the machines from the time they were first acquired up to March 1, 1950, when they passed a resolution stating that the court is of the opinion these costs should be paid by appellee, and declining to pay further costs of repair and maintenance and authorizing this declaratory judgment action to determine who shall pay such costs. The Chancellor adjudged: "That the compensation of persons who are employed by defendant, County Clerk, both those who work throughout the year permanently and those who work temporarily as extras, and who are engaged in repairing and keeping in good mechanical condition the voting machines used in our elections, and the cost of material necessarily used in connection with such activities, are embraced in the term 'cost of elections' within the purview of ss (2) of KRS 118.450 and as such shall be allowed by plaintiffs, fiscal court, and paid by the county treasurer; that it is the obligation and duty of plaintiffs Jefferson County Fiscal Court to stand and pay such expense; that such is not the expense of defendant James F.

Queenan as County Clerk of Jefferson County, nor shall he stand such expense nor any part thereof; that defendant recover of plaintiffs his costs herein expended, * * *."

The Statutes as to counties having voting machines do not provide for repairs and maintenance of the machines, or set out who shall pay for such repairs and maintenance. The fiscal court pays the cost of drayage of the machines to and from the polls. This, in a county of 355 precincts, amounts to a substantial sum each year. No question is raised as to this.

In Fiscal Court of Jefferson County v. Louisville Tent & Awning Co., 185 Ky. 466, 215 S.W. 88, 90, the fiscal court of Jefferson County declined to pay for 150 sets of curtains for the booths to be used in voting at the elections in that county. There we said:

"Section 1540, Ky. Stats., provides:

" 'The costs of all elections held in any county shall be allowed by the fiscal court of such county, and paid by the county treasurer, except as otherwise provided by law.'

"There is no other provision of law for the payment of the cost of booths."

The Statute quoted is now KRS 118.450 (2).

That case and that Statute are controlling here. We believe the Chancellor reached the correct conclusion.

The judgment is affirmed.