CASE 9—PETITION EQUITY—SEPTEMBER 25.

## Roe & Lyon, &c., v Scanlan & Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

MECHANICS' LIENS—LIEN UPON PUBLIC BUILDING.—Where a county was indebted to a contractor for the construction of a courthouse, and had set apart a fund for the payment of the debt, mechanics and material-men having claims against the contractor for labor done and material furnished in the erection of the building, by giving the notice required by the statute, acquired a lien upon this fund, although the lien could not be enforced against the building itself by reason of the fact that it was devoted to a public use. And the lien thus acquired is superior to the claim of one to whom the contractor had assigned what was due or might become due to him from the county, the assignee occupying the same position with reference to these lien-holders that the contractor would.

JAMES P. GREGORY FOR APPELLANTS, IN PETITION FOR RE-HEARING.

Brief not in record.

1. The court was mistaken in assuming that Roe & Lyon were the assignees of the contract made by W. C. Lyon with Nelson county. They were assignees of money due and to become due to W. C. Lyon from said county, which assignment was given as collateral security, at the time they became sureties for W. C. Lyon, and more than a year after the contract between W. C. Lyon and Nelson county had been made. This mistake of fact completely alters all questions considered and determined by the court, in its opinion.

Roe & Lyon, &c., v. Scanlan & Co.

2. None of the creditors is entitled to a preference over appellants, appellants being prior both in right and time. (Philips on Mechanics' Liens, sections 208 and 256; 15 Am. & Eng. Encyclopedia of Law, p. 95.)

3. None of the creditors, asserting mechanics' liens, with the exception of Scanlan & Co., gave the notice requisite to obtain a preference, as between themselves and creditors, asserting adverse claims.

In the case of Montgomery & Taylor, the statutory affidavit proving their claim against the assigned estate was not made.

4. Appellants Roe & Lyon, by the doctrine of subrogation or substitution, are, in any event, entitled to preference over defendant, Hoertz. Their rights are fixed by the terms of the assignment, executed contemporaneously with their obligation of suretyship, and not by the *ex parte* recital endorsed on the back of the contract of assignment, to which they were not parties, and which, if they had executed for the purpose claimed by Hoertz, would have been wholly without consideration. (24 Am. & Eng. Enc. of Law, pp. 199 and 203; Taylor v. Taylor, 8 B. M., 419; Black v. Bush, 7 B. M., 212; Dunlap v. O'Bannon, 5 B. M., 394; Muldoon v. Crawford, 14 Bush, 125.)

STONE & SUDDUTH OF COUNSEL ON SAME SIDE.

O'NEAL, PHELPS, PRYOR & SELLIGMAN FOR APPELLANT HOERTZ.

The effect of the assignment was to turn over money then due and to become due upon the erection of the courthouse to appellant Hoertz, and as he in good faith furnished money to buy the brick merely as an accommodation. the judgment should have been that he be first paid $498.20 in full before anything else should be paid.

MORTON V. JOYES FOR APPELLEES SCANLAN & Co.

1. While a mechanic or material-man can not acquire a lien upon a public building, such as a courthouse, for reasons of public policy, yet no such reasons exist against the lien claimed by appellees on the money due from the county to the contractor. And even if they did, the county is the only one to complain. (Loonie v. Burke, 80 Texas, 582.)

2. While the statute does not in so many words give the sub-contractor a lien on the money, it does impose a duty upon the owner to withhold a sufficient amount to satisfy his claim, and the duty

being enjoined a court of equity will give a corresponding right to the party for whose benefit the duty is enjoined. This constitutes a lien, pure and simple. (Gen. Stats., chap. 70, sec. 5; Frank v. Chosen Freeholders, 39 N. J. L., 347; Bates v. Santa Barbara County, 90 Cal., 543.)

3. Under the assignment of the contract, appellants took it subject to all equities. (Mulliken v. Leiber, 7 Ky. L. R., 602.)

FAIRLEIGH & STRAUS, FOR CERTAIN APPELLEES.

The notice provided for in section 5 of the statute was intended solely for the purpose of protecting the owner of the property, and it can make no difference to the general creditors of W. C. Lyon whether this notice was in form given, or not; provided the county, the owner of the property, treated what was done as a notice sufficient to it, and acted upon it as if notice in due form had been given. (Ky. Stats., section 2467.)

JAMES F. GAITHER, FOR TAYLOR & MONTGOMERY, APPELLEES.

1. Roe & Lyon by the assignment by Fred. Hoertz of his interest in the building contract obtains no greater right than said Hoertz had, and as Hoertz was surety on the building contract, the building must be finished and paid for before he or his assignees can obtain any benefits under it.

2. The owners of the building, having promised the sub-contractors to retain the money for them, and having actually given an order to appellees Taylor & Montgomery for their debt, accepted the statement filed in the clerk's office *as the written notice* required by the statute, waived any further notice, and retained the money for the purpose of paying the appellees their claim. By thus agreeing to retain it, they became trustees of the fund for the said contractors, and having paid the fund over to the Louisville Trust Company, assignee of the contractor, by the order given to these appellees, said appellees' lien upon the fund followed it into the hands of the Louisville Trust Company, assignee.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

W. C. Lyon having made an assignment for the benefit of creditors, the question of priority between them in the distribution of the assets arises in this case. Lyon had contracted with the properly constituted authorities of the

county of Nelson to build a court house for a ,fixed sum of money, and the county being indebted to him at the date of the assignment the mechanics and material men are asserting liens as against the building or the fund set apart by the county court for its construction, and their claim of lien is resisted by the general creditors.

Hoertz had become liable for W. C. Lyon as indorser of two notes for about $2,000 which had been executed by W. C. Lyon and the firm of Roe & Lyon, and to secure Hoertz W. C. Lyon made a written transfer of all the moneys or claims he then had against the county of Nelson due or to become due by reason of the contract to build the court house. This writing was dated the 11th of June, 1892. When the notes matured Roe & Lyon, being on the paper, took up the notes and obtained a written transfer of the contract or all the rights under it from Hoertz, the latter reserving a claim of $498 for brick he had furnished for the building. This transfer was made on the 2d of March, 1893.

In this controversy between the creditors the county of Nelson admitted its indebtedness and its readiness to pay the money over to the parties entitled.

It is insisted by Roe & Lyon that the claimants of mechanics' liens are not entitled to preference, and that if any lien existed they have not complied with the statute so as to enable them to enforce their liens. They also claim a preference over Hoertz by reason of the assignment of W. C. Lyon's contract by him when paying the notes for two thousand dollars.

The General Statutes, in force when these transactions took place, provided that "no lien shall exist in favor of such persons (sub-contractors), in case the contractor himself is not entitled to a lien; nor shall the liens authorized by this chapter have effect, if security shall have been taken for the

labor performed or materials furnished." Section 5, article 1, chapter 70. (Ky. Stats., sec. 2467.)

The statute giving liens for labor and materials furnished makes no exceptions from its operation by reason of the character or kind of building being constructed, but by its express terms gives a lien on the house, building or other structure for the labor and materials furnished for the improvement, and upon a compliance with certain other provisions of the statute by giving notice the lien exists and can be asserted. Such is the plain letter of the statute.

It is claimed, however, that no lien exists in the present case by reason of the character of the building, and the chancellor will not enforce the lien on grounds of public policy, and as the chancellor will not apply this remedy, therefore no lien exists. It is universally adjudged that courts of equity will not exercise the power of selling property, State, county or municipal, when devoted to public use and indispensable to the proper administration of governmental affairs, but when declining to enforce such liens on the ground of public policy alone, it seems to us there is no reason why the county, with the money in its vaults, under a contract like the one in this case, does not hold the fund agreed to be paid for the work for the benefit of those whose labor and materials have furnished the consideration.

In this case the contract provides that the county shall retain the money due the contractor to satisfy the claims of lien holders, and the fact that the chancellor holds the court house as essential to the administration of justice and affected by a public interest that would be destroyed if subjected to sale, affords no argument against these meritorious claims of the laborer and mechanic who have constructed the building. and are denied a remedy to enforce a lien given by statute because public policy forbids a sale of the prop-

erty.    If the county of Nelson had been in default, the chancellor would at the instance of these claimants have compelled the county to provide the means of payment, and at the same time deny their right to enforce any lien although by the terms of the statute a lien existed.

These lien creditors gave the notice required by the statute, and whether so or not the county had notice of their claims and the contract assigned by the contractor Lyon to Hoertz, and by the latter to Roe & Lyon, reserved the right on the part of the county to retain the money in its hands to meet the demands of these claimants.    Roe & Lyon were in fact aiding the contractor by furnishing him means on their credit to enable him to comply with his contract.    They stand, by reason of the assignment, in the same position with reference to these claimants that the contractor does, and so far as Hoertz is concerned in his assignment to them of the contract he reserved the right to retain out of it the value of the brick furnished in the erection of the building, and there is no ground for contesting his right of priority as against Roe & Lyon, his assignees.

All the parties to this controversy were acting upon the idea that the lien created by the statute could be enforced, and to substitute the money to be paid by the county for this building, in lieu of the lien that the chancellor will not enforce, is the real equity of this case, and as the judgment below gives this relief it is now affirmed.