CASE 53—PETITION EQUITY—MAY 25.

# Noonan v. Hastings, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. PUBLIC POLICY—CONTRACTOR'S LIEN ON PUBLIC IMPROVEMENTS.—
While public policy forbids a contractor from asserting his stat-
utory lien against public improvements, or the enforcement of it
by a sale of the property because the same is necessary to the ad-
ministration of governmental affairs; yet a sub-contractor may
assert a lien so as to affect and reach moneys in the hands of
public authorities in lieu of the improvements there involved,
and the fund may stand in lien instead of the property, and thus
protect a sub-contractor who gave notice as required by the
statute of the delinquencies of the original contractor.

HAWKINS & HAWKINS FOR APPELLANT.

1. A sewer is a "structure" and the stone or wooden supports to
the walls thereof are "fixtures" within the meaning of sections
2463 and 2492, of the Kentucky Statutes; giving a mechanic's
lien to laborers or material-men.
2. Appellant gave notice to the city under the provision of section
2467, of the Kentucky Statutes, that the head-contractor was in-
debted to him as sub-contractor, and the city thereafter was
bound to withhold a sufficient amount from that fund to pay
his claim.

H. W. ROOT FOR THE CITY OF NEWPORT:

1. No lien can be enforced against the property of a municipal
corporation, which property is held in trust for the public bene-
fit, use, and convenience. Dillon on Municipal Corporations,
4th Ed., vol. 2, p. 577; Beach on Public Corporations, vol. 2,
secs. 1563 and 1122; Amer. & Eng. Enc. of Law, vol. 15, p.
106 and 807; Mayrhofer v. Board of Education, 89 Cal, 110 (23
Amer. State Rept., 451); Leonard v. City of Parkland, 74 N.
Y., 498 (28 Amer. State Rept., 80); Lowe v. Board of Commis-
sioners, 94 Ind., 553; Thomas v. Board of Education, 71, Ill.,
283; Brinkerhof v. Board of Education, 37 Howard's Practice
Rept., 499, (N. Y.); Williams v. Controllers, 18 Penn. State,,

275; Louisville v. Commonwealth, 1 Duvall, 295; Graham v. Mt. Sterling Coal Road Co., 14 Bush, 425.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The question involved on this appeal is whether a sub-contractor may assert the lien provided for by sections 2463 and 2467, Kentucky Statutes, as against public improvements made for a city.   It is agreed on all sides that such a lien can not be enforced by a sale of the property where its use is necessary to the administration of governmental affairs; but this was held, in Roe & Lyon, &c. v. Scanlan & Co., &c., 17 Ky. Law Rep., 595, not to prevent the sub-contrator from asserting such lien so as to affect and reach moneys in the hands of the county in lieu of the improvement there involved.   In that case the lien was said to attach to the fund in the hands of the county for the construction of a court house, and we perceive no reason why the same principle may not be applied in this case.   The plain letter of the statute authorizes the filing and assertion of such liens, without regard to whether the building or structure be a private or public work, and if public policy does forbid the enforcement of the lien by a sale of the property so improved, yet the fund may stand in lien instead of the property, and protection be thus afforded sub-contractors who give notice as required by statute of the delinquencies of the contractor.

Here the appellant, Noonan, who was a sub-contractor under Hastings, gave notice to the city of his claim, and under the statute it was the duty of the city to withhold a sufficient amount to satisfy the claim.

The averment of Hastings' pleading is that at that time the city owed the contractor the sum of $3,400 on his contract, while appellant's claim was only the sum of $1,200.

The judgment dismissing the appellant's petition is reversed for proceedings consistent herewith.

---

CASE 54—PETITION EQUITY—MAY 25.

APPEAL FROM CAMPBELL CIRCUIT COURT.

