# Commonwealth, For Use of Hickman County v. Scarborough.

(Decided May 28, 1912.)

## Appeal from Hickman Circuit Court.

Board of Health—Allowance to Member of for Services Rendered— Services Not Performed in Manner Required by Statute—When Such Official Not Required to Refund Money Paid Him.—Where a member of a health board performed services in the matter of fumigating and quarantining for the prevention of contagious diseases that neither the county board nor the State Board of Health directed, but acted in the exercise of his own judgment, it is not a sufficient reason to require him to refund the money allowed him as a compensation after an allowance by the fiscal court, although the fact that he was not so directed might have been a defense if made at the time the allowance was made. In such a case the courts will not compel the official to pay back the money and allow the public to enjoy the benefit of its expenditure.

J. M. BRUMMAL, JR., for appellant.

MOORMAN & WARREN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment sustaining a demurrer to and dismissing appellant's petition. It was alleged, in substance, that appellee was appointed a member of the Board of Health of Hickman County some time in 1903; that he became the secretary thereof and continued in that position for about ten years; that the fiscal court allowed him for his services, certain sums, altogether amounting to something over $900. It was alleged that the fiscal court made these allowances after appellee filed a written statement of his account for the year in which his services were rendered. The accounts were itemized. It gave the names of the persons treated for contagious diseases, the names of the persons and families quarantined and the dwellings fumigated. It was alleged that each and all the allowances so made by the fiscal court were without any authority from the Board of Health or any one else, and were, therefore, illegal and void, and that the fiscal court had no evidence of that fact at the time of its action. In other words, it was alleged that as neither the County Board of Health nor the State Board of Health had directed the treatment, fumigation and quar-

antining of the particular persons and places named in the itemized account, appellee was not authorized to charge for his services, and the court made void orders in allowing him the claims as presented.

Counsel for appellant cites in his brief the following cases as authority to sustain his position that appellee should refund to the county these illegal allowances made by the fiscal court. Taylor v. Adair County, 119 Ky., 374, and Thomas v. Edmonson County, 8 R., 265. These actions were instituted by physicians to recover the value of their services after the fiscal court had refused to allow them because the services were not performed as the law required, and this court upheld this defense. In the case of McDonald's Admr. v. Franklin County, 125 Ky., 205, the court determined that there was no authority for the fiscal court to allow the claim in the manner it had and that the order of allowance was void. In Wortham v. Grayson County, 13 Bush, 53, the court decided that there was no law which authorized the clerk to make charge for the fees sued for in that action. In Perry County v. England, 116 Ky., 594, the contract made with England to build a bridge was void and that defense was made to the suit by England to collect the alleged contract price. In the case of Hopkins County v. Givens, 29 R., 993; 96 S. W., 819, which was instituted by the county to recover of Givens money he had paid for the hire of a clerk for his court, the court sustained the recovery because no law existed allowing the payment of the clerk. In Pusey v. Meade County, 1 Bush, 217, Pusey sued for his services as a physician and the court determined that there was no law authorizing the payment for the services rendered. In the case of Floyd County v. Allen, 137 Ky., 575, the same principle was determined. In the case of Morgantown Bank v. Johnson, 108 Ky., 507, the bank, as assignee of the clerk instituted the suit on the fee bill of the clerk. The court decided there was no law to allow pay for the fees charged by the clerk. These cases referred to, in the main, were decided upon the principle that there was no authority of law to authorize their payment, and, therefore, the fiscal court was without any authority to allow them.

In the case at bar, however, the statute does authorize the payment to persons who perform such services as did appellee.

Section 2055, Kentucky Statutes, in part, is as follows:

"The local board shall appoint a competent practicing physician who shall be the health officer of the county and secretary of the board, whose duties it shall be to see that the rules and regulations of the State Board of Health are enforced, and who shall hold his office at the pleasure of said board, and shall receive a salary, the amount of which to be fixed by the fiscal court," etc.

According to the petition appellee was a health officer of the county and the secretary of the board, and he performed the services for which he was paid. The error was, according to the petition, that he had not performed same under the orders of the board; that he used his own judgment in the performance thereof. This would have, probably, been a good defense to his claim but is not a sufficient reason to require him to refund the money after he has received it under an allowance by the fiscal court. Under the allegations of the petition if the boards had made the orders for him to do the things charged for, he would have been entitled under the statutes to receive pay therefor. It is claimed that he performed the services for which the county was liable, but as it was not done in the exact manner required by the statute, he should refund the money. The principle under consideration is succinctly elucidated in the case of Flowers v. Logan County, 138 Ky., 59. In that case it is said:

"If the thing done had been illegal, or not warranted by law, however beneficial it might have been, the public ought not to be estopped to deny the validity of the expenditure; or, where the thing is authorized, but it is proposed to do it in an unauthorized manner, upon a seasonable complaint those charged with doing the thing will be compelled to execute it as the law directs, and prohibited from doing it otherwise.

"But where the thing is authorized to be done, and is done by the party charged with doing it, but done in a manner contrary to that directed by the statute; the court will not compel the official to pay back the money and let the public continue to enjoy the benefit of its expenditure."

The services charged for in the account of appellee were not illegal, but as charged in the petition, were performed without authority, and the claims might have been defeated if the proper defense had been made to them. The things charged for by appellee were author-

ized by the statute to be done and were done by appellee contrary to the manner directed by the statutes, and, according to the case last referred to, he will not be required to pay the money back for the reasons stated therein.

See also the cases of Clark v. Logan County, 138 Ky., 676, and Boone County v. Dills, 5 R., 135 and 636. In the case of Elliott v. Commonwealth, for the Use of Laurel County, 144 Ky., 335, Elliott was the county court clerk and received fees a considerable amount of which the county sought to recover for the reason, as it was alleged, that Elliott had collected them without authority of law. The county recovered from Elliott something over $700 and he appealed and this court determined that about one-half of that judgment was correct for the reason that there was no authority in the statute authorizing the clerk to charge the fees he received, but as to the other half the court decided that the statute did authorize him to charge therefor, and said:

"If the allowances made him by the fiscal court are excessive, it was an abuse of the discretion conferred upon that court by the statute, which might have been corrected by the circuit court on appeal prosecuted for the county, by the county attorney, as allowed by section 978, Kentucky Statutes."

Under this authority it was the duty of the county of Hickman to appeal from those allowances made improperly, as it is evident that the statute authorized the payment for such services as rendered by appellee. Thus, it will be seen that the cases make a distinction where persons receive money from the county there being no authority for the expenditure and when they receive money for services when the law authorized the expenditure, but receive it in an improper way. In one case he cannot be made to refund it and in the other he can.

For these reasons, the judgment of the lower court is affirmed.