## Dalzell v. Bourbon County Board of Education, et al.

(Decided December 6, 1921.)

### Appeal from Bourbon Circuit Court.

1. Corporations—Powers.—A corporation has all the express powers given to it by statute and such implied powers as are inferential from the expressed powers, necessary to attain the objects of its creation.

2. Corporations—Ultra Vires.—An act done by a corporation, which it has neither an express nor implied power to do, is ultra vires.

3. Schools and School Districts—Insuring Buildings—Section 4440, vol. 3, Ky. Stats., expressly authorizes the board of education to insure the public school buildings, and it may be implied from this express power, that it has authority to determine the com-

panies, in which it will insure, the amount of the insurance and the details of the contracts of insurance, and may insure in any insurance company which the public policy of the state, by statute, authorizes to insure such property as school buildings, where there is no statute which expressly or impliedly prohibits the board of education from obtaining such insurance.

4. Schools and School Districts—Insuring Buildings—Implied Powers.—The exercise of the implied powers granted to the board of education to insure the property of the public schools, and which are inferential from its express power so to do, must be left to the sound business discretion of the board, and the courts will not interfere with the exercise of its discretion unless it is abused by it.

5. Statutes—Corporations—Meaning of Word "Person."—The word "person" as used in sections 702 and 703, vol. 3, Ky. Stats., includes a public corporation, such as the board of education.

6. Statutes—Meaning of Word "Person."—The word "person" used in a statute may be construed to include a corporation, unless it is manifest that the legislature did not intend it to have such meaning.

7. Constitutional Law—Presenting Facts Showing Statute Invalid.— If one is authorized by statute to do an act, and another asserts that the manner of doing it is in violation of a constitutional provision concerning the assumption of a debt he must present facts to show its unconstitutionality, before a court will so declare it upon mere conjectural improbabilities.

8. Insurance—Co-operative Insurance Company—Lien Upon Property.—The lien created by section 712, vol. 3, Ky. Stats., upon the property insured by a co-operative insurance company to secure the payments of assessments, is not enforcible by a sale, when a public school building is insured, but, the lien exists upon the funds provided by the fiscal court to pay for the insurance, and the parties when contracting are presumed to do so in contemplation of the statute as construed by the courts, and the fact that the lien is not enforcible by a sale does not render the insurance contract invalid.

GEORGE BATTERTON for appellant.

DAVIS D. CLINE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

F. S. Dalzell, who sues as a citizen and taxpayer of Bourbon county, instituted this action against the board of education of Bourbon county, and the Hurst Home Insurance Company. The latter is a co-operative or assessment insurance company organized and operating under the act of March 22, 1916, and which consists of

sections 702, 703, 704, 705, 706, 707, 708, 709, 709a, 710, 711, 712, 712a, 713, 714, 715, 716, 717, 718, 719, 720, 721, 722, 722a-1, 722a-2, 722a-3, 722a-4, 722a-5 and 722a-6 of vol. 3, Ky. Stats. The relief sought by the plaintiff was the cancellation of certain policies of insurance which the defendant, Hurst Home Insurance Company, had issued and were carrying upon certain property of the public schools, which were under the control and management of the board of education, and to permanently enjoin the defendant from procuring any further insurance in the defendant, Insurance Company, and the latter from issuing any further policies of insurance upon the property of the public schools. A general demurrer was interposed to the petition by the defendants, without waiving which, they answered and to the answer the plaintiff demurred generally. The demurrer to the answer was overruled while the demurrer to the petition was sustained and the plaintiff electing to stand by his petition, it was dismissed, and he has appealed.

The plaintiff is not a member of nor interested in the defendant, Insurance Company, and for that reason would not have any cause of complaint at the risks assumed or refused by the company; but being a taxpayer within the municipality, over which the Board of Education exercises jurisdiction, and an enforced contributor to the funds dispensed by the Board of Education, and upon its orders, he complains that the insurance contracts now existing, between the Board of Education and the insurance company, are void and that the contracts proposed to be entered into between them will, also, be void and *ultra vires* upon the part of each, and if so, it follows as a natural sequence, that no protection to the property insured is extended, and the moneys expended in paying the fees and assessments, which arise from public taxation, are wasted and in the meanwhile, the property of the public schools is uninsured.

The Board of Education is a public corporation, so made by the provisions of section 4434a-8, vol. 3, Ky. Stats., which is as follows:

"The county board of education, and their successors, shall be a body politic and corporate with perpetual succession, and as such may sue and be sued."

As a public corporation it was created for the accomplishment of certain purposes, and its powers are all those specifically bestowed by statutes, and, also, such

implied powers as can be reasonably inferred from the specifically expressed powers, and the objects to be attained by its creation. As a general principle, it may be conceded, that if an act of a corporation is one which is neither authorized by its express nor implied powers, it is *ultra vires,* and the corporation is not authorized to do it, and an act may be such that, although it is such as is calculated to attain one of the purposes of the creation of the corporation, the manner of accomplishing it may be *ultra vires.* One of the powers specifically and expressly bestowed upon the board of education is to cause the public school houses and their furniture and apparatus to be insured against damage by fire or other casualty. This power is conferred by section 4440, vol. 3, Ky. Stats.; by the following language:

"And the county board of education is authorized to have said houses and furniture insured against damage by fire or other casualty, the expenses incurred from such insurance to be paid out of the funds raised for general county purposes."

It will be observed that the foregoing is the only legislative deliverance upon the subject of authorizing the board of education to enter into insurance contracts for the protection of the buildings of the public schools and their furniture and apparatus from damage by fires and other casualties. There is no direction to it as to what companies it may insure in, nor any prohibition as to insuring in any company, or character of company, or against what casualties it may insure; but, it would be idle to insist, in the face of the express provision upon the subject, that the board of education is not authorized to enter into insurance contracts. In the light of the character of this express power bestowed upon the board, it is readily apparent that it carries with it all of the implied powers that are reasonably inferential· from the express power to accomplish the object for which it was given. It is necessarily implied that the power is bestowed upon the board of education to determine for itself against what casualties it will insure and the amount of risks, the specific buildings and property that it will contract to be insured, the insurance corporation that it will contract with and the details of the contracts. Included in these powers by implication, it would seem, that the board of education is authorized to contract for insurance with any insurance

corporation which the public policy of the state has by statute authorized to do an insurance business of the character of insuring public school buildings against fire and other casualties, unless there is a statute, which by express provision or necessary implication, forbids the board of education to contract with it, or the provisions of its articles of incorporation are such that the nature of the contract, which it can enter into is one, which the board of education can not for some valid reason effect, and is therefore necessarily excluded as an insurer—that is any company authorized by the laws of the state with which the board of education can effect a valid insurance contract. Otherwise the exercise of these implied powers must necessarily reside in the sound discretion of the board of education, and this discretion the court should not interfere with, unless there is an abuse of it. There is no provision of the statutes which authorizes the creation and conduct of the Hurst Insurance Company, which excludes the board of education as an insurer, nor is there any express provision which authorizes such an insurance corporation to insure the property of either public or private corporations, or that of partnerships.

It is, however, insisted that a contract of insurance in the defendant, Insurance Company, is one which the board of education has no power to make, and hence the manner of accomplishing the insurance of the property of the schools, in such a corporation as the defendant, Insurance Company, is *ultra vires*. This contention is rested upon three grounds, one of which is that being a corporation, the board of education is ineligible to membership in a co-operative or assessment insurance company, as defined by the statutes, permitting its creation; another is that the liability which an assured assumes in such a company is indefinite as to amount and may exceed the income and revenue provided for such year which without the assent of two-thirds of the voters voting at an election held for that purpose, is unauthorized, as provided by section 157 of the Constitution; another is that the insurance company has a lien upon all the property insured to secure the payment of the assessments made under the contract of insurance, and that the board of education is not authorized to contract a lien upon the public school property. These contentions will be considered in the order in which they are stated.

(a) Section 702, vol. 3, Ky. Stats., authorizing the creation of a co-operative fire insurance company, provides: "Twenty-five or more persons residing in any one or more adjoining towns or in any county or in not exceeding ten adjoining counties, who collectively own property of the value of $50,000.00 or more may become a corporation for the purpose of co-operative or assessment insurance against loss or damage of property by fire, wind, lightning or the explosion of natural or artificial gas," and further "every person insured in such a corporation, who shall sign an application for insurance as required by the certificate of incorporation or the bylaws of the corporation, shall thereby become a member thereof; . . . ." Section 703, vol. 3, Kentucky Statutes, provides that the directors of the insurance company shall be chosen from among its members. It is insisted, that in accordance with the provisions of sections 702 and 703, *supra,* that the board of education, being a corporation is not a person within the meaning of the statute, and hence can not be an incorporator, director, nor a member of such an insurance company, and for that reason can not enter into a contract of insurance in such a corporation, as every contract of insurance indispensably requires membership in the company. It will be observed, however, that the provisions of neither of the sections, *supra,* requires that the qualifications for membership shall be such as necessarily to qualify one to be an incorporator or a director. It may be conceded, that a corporation would not be eligible to be a director in the insurance corporation for obvious reasons, but why it could not be a member is not apparent. Section 457, Kentucky Statutes, which is a part of chapter 26, which is devoted to the construction of statutes, provides in regard to the word "person" when used in a statute as follows:

"And the word 'person' may extend and be applied to bodies politic and corporate, societies, communities and the public generally; as well as individuals, partnerships, persons and joint stock companies."

Section 446, Kentucky Statutes, which is the first section of chapter 26, *supra,* in part provides that the rules of construction provided for in that chapter shall be observed, "unless such construction would be inconsistent with the manifest intention of the legislature."

It is not manifest that the legislature in the use of the word "person" in sections 702 and 703, *supra,* intended it to have a meaning inconsistent with including a body politic or corporation. There certainly could be no good reason for excluding a private corporation from the word "person" as there used, and if so why a public corporation which may perform all the requirements of a member in such a corporation, and which has property which it is authorized to insure against casualties?

(b) Touching the contention that the liability assumed by the county of Bourbon on account of the Board of Education becoming a member of the defendant, Insurance Company, might be greater than the county's income and revenue, for the year in which the liability is assumed, and for that reason the insurance contracts are void and unauthorized, it is ascertained from the pleadings that the Insurance Company is now carrying for and in the name of the Board of Education, insurance in the sum of $42,300.00; that it has carried insurance in some amount for the Board of Education continuously for the past twenty years, and that the cost of the insurance has been much less than it would have been upon the same property for the same amount of insurance in a stock insurance company; that the Insurance Company is carrying insurance in the sum of $9,397,034.00 and that the Company has a net reserve of assets in the sum of $111,528.05, and that for the past four years there has been no variation in the amount of the assessments levied; and that the Company, under its bylaws, does not insure anything except property situate in the country and isolated pieces of property, and under section 706, Kentucky Statutes, vol. 3, the greatest sum for which any risk may be insured is $6,000.00. The liability of the members of the Insurance Company, while it can not be fixed with exact definiteness, is not unlimited, and under the statutes it is capable of practical ascertainment. The regular assessments made are ascertainable from the by-laws of the corporation, and whatever contingent liability there may be is ascertainable from the statute, as appears from sections 709a, 711, 712 and 712a, vol. 3, Kentucky Statutes. From the provisions of these statutes and the averments of the answer, it is ascertained that the corporation may collect such policy fees as provided by its by-laws, and the amount of these, less agent's commission and expenses for writing insurance

and any surplus arising from assessments shall be put in the reserve fund, and when the reserve fund equals one per cent of insurance in force, an assessment shall not be made for a greater sum than the amount of losses and expenses sustained since the previous assessment. If at any time the total liabilities exceed its actual cash assets to an amount equal to fifty cents for each one hundred dollars of insurance held by the corporation, it shall then levy an assessment sufficient to liquidate all liabilities in excess of its actual cash assets, but, this contingent liability is limited by provisions of section 712a, *supra,* which provides that if the whole amount of deposit notes and cash owned by the corporation are not sufficient to pay the amount due at any one time to the members, on account of the risks insured against, the limit of liability by each member in a corporation, which has over two million dollars of insurance in force, is two dollars per hundred of the insurance the member has in the corporation. Thus the limit of contingent liability for the insurance which the company is carrying for the Board of Education for all claims which may exist at any one time, is $846.00, which it is alleged and not denied is a sum which does not equal the difference in amount between the costs of insurance of same property in the same sums in the defendant, Insurance Company, and that of a regular stock insurance company, and that there will ever exist any contingent liability is conjectural. The age of the defendant, Insurance Company, and the manner of the conduct of its business and the results of its operation, do not indicate any want of prudence or business acumen in its management. The pleadings do not furnish any information as to the value of the property in the county subject to taxation for general county purposes, the liabilities which have been assumed by the county, nor when assumed, which facts it would be necessary to show in order to determine that the insurance contracts are violative of any constitutional provisions upon the subject of the assumption of debt, and where one asserts that an act is contrary to the provisions of the Constitution, it is incumbent upon him to show it. It is apparent that it can not be held that an act which the statute authorizes the Board of Education to perform has been performed by it in an unconstitutional way upon mere conjectural improbabilities. Louisville v. Gosnell, 22 R. 1524; Frankfort v.

Morgan, 33 R. 297; O'Brien v. Owensboro, 24 K. L. R. 469; Bosworth v. Middlesboro, 190 Ky. 253.

(c)   It is true that by the provisions of section 712, vol. 3, Kentucky Statutes, a co-operative insurance company has a lien upon the property of a member which is insured to secure the payment of the legal assessments which may be made upon such member. This is a statutory lien, which exists, although there may be no provision for it made in the actual insurance contract, similar to the lien, which the mechanic has upon a building for labor in its erection, or a materialman for the price of material furnished.   Probably it would be more correct to say that it is a part of the contract, unless waived. Such liens upon a public building, necessary for the administration of governmental affairs, will not be enforced by a court of equity, because the sale of such a building in satisfaction of a lien is contrary to a good public policy.   Ausbeck v. Schardien, 20 K. L. R. 178; Roe v. Scanlan, 98 Ky. 24; Noonan v. Hastings, 101 Ky. 312; Allen Co. v. U. S. Fidelity and Guaranty Co., 122 Ky. The above cases were instances of the statutory liens upon public buildings in favor of mechanics and laborers for work done in their erection, and while the liens were held to be unenforceable by a sale of the buildings, the failure of the liens was not held to otherwise invalidate the contract.   In each instance it was held that if any funds had been set apart for the payment of the claims, the liens existed upon the funds instead of the buildings, and if funds were not already set apart for payment of the claims the municipalities erecting the buildings were bound to provide for their payment.   It is apprehended that a similar principle exists when a public school building is insured in a co-operative insurance company. The lien provided by the statute to secure the payment of the assessments exists, but it is not enforcible by a sale of the building, but in such an instance the lien is upon the funds set apart by the fiscal court to pay the assessments which is the cost of the insurance, and which in every instance the fiscal court is bound to provide, and the money provided by the county is substituted in lien for the building and the contract of insurance is not affected.   This principle is laid down without ignoring the doctrine that an unenforcible lien is not a lien at all, but the lien in this instance is upon the funds provided for

its satisfaction, or that must be provided for its satisfaction and not upon the building and is not unenforcible. While the lien provided by the statute is read into the insurance contract, the construction placed upon its enforcibility by the courts and against what it may be enforced, in the instance of a public school building, becomes a part of the contract and is read into it along with the statute, and the parties are presumed to contract with reference to the existing laws.

The judgment is therefore affirmed.