## The Blatz Company v. Stivers, Superintendent, etc., et al.

(Decided November 9, 1923.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Mechanics' Liens—Materialman Held Not Entitled to Lien on School Building.—Where H. contracted with members of county board of education to remodel and construct additions to a public school building, work to be done according to plans and specifications furnished by an architect, and the contractor to be paid $11,500.00, and he sublet the painting to A., and the latter purchased paint from plaintiff, the latter was not entitled to a lien on the school building, though all the statutory requirements to obtain a lien were complied with.

2. Appeal and Error—Depositions Sent with Transcript Not Considered as Part of Record.—Whatever may be the true rule with reference to the making of depositions in an equity cause a part of the record on appeal, papers purporting to be depositions heard upon the trial, though sent up by the clerk with the transcript, cannot be considered a part of the record.

3. Appeal and Error—Certificate of Stenographer Held Insufficient to Make Evidence Part of Record.—Where what purported to be the evidence heard by the trial court was brought up as a part of

the record, but the only mark of identification which it bears as appearing from the entire transcript is the certificate of the stenographer acting as an examiner in taking depositions, such evidence cannot be considered a part of the record.

4. Appeal and Error—Where Proceedings Not Properly in Record, Only Sufficiency of Pleadings to Sustain Judgment Considered.— Where there was no bill of exceptions showing proof offered, and no order showing that official stenographer took proof upon the issues made by the pleadings, the only question presented on appeal was whether the pleadings were sufficient to sustain the judgment.

5. Mechanics' Liens—No Liens for Materials Furnished Subcontractor in Absence of Notice to Owner.—Where contract for paint for a school building was made with the subcontractor, and was originally charged to him and the contractor, and no notice in writing was given to the board of education or any one authorized to represent it within 35 days after the last item was furnished, as required by Ky. Stats., section 2463, no lien existed upon the building.

6. Schools and School Districts—Judgment Denying Relief to Materialman Held Proper Where Contractor on Public Building Not a Party.—Even if a lien for paint used on a public building would attach to any unpaid balance due the contractor to whom the paint was furnished, a judgment denying relief to the materialman was proper in an action wherein the contractor was not made a party, since conflicting claims between plaintiff and the contractor could not be adjudicated in the case.

CHARLES P. JOHNSON for appellant.

BENJAMIN F. GARDNER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

W. F. Hardy contracted with appellees and defendants below, members of the county board of education of Jefferson county, to remodel and construct additions to the public school building in Kenwood School District No. 47 of that county. The work was to be done according to plans and specifications furnished by an architect and the contractor was to be paid therefor $11,500.00. He sublet the painting to C. F. Atkinson and the latter purchased from plaintiff and appellant, the Blatz Company, a bill of paint amounting to $310.33. This equity action, filed by plaintiff against defendants, sought a judgment against them for the amount of its accounts, and to assert a lien on the school building, but which latter it could not do, though it had complied with all the statutory requirements to obtain a lien, under the rule

announced in the cases of Roe v. Scanlan, 98 Ky. 24; Noonan v. Hastings, 101 Ky. 312; Allen County v. U. S. Fidelity & Guaranty Co., 122 Ky. 825; Ausbeck v. Schardien, 20 Ky. L. R. 178, and Dalzell v. County Board of Education, 193 Ky. 171.

The petition, among other things, alleged that the paint was sold to the county board of education, and the answer denied that fact, as well as all others upon which plaintiff sought a personal judgment, or the right to a lien or its enforcement. Upon submission the court refused to render a personal judgment in favor of plaintiff, or to enforce its alleged lien, either against the building or against the unpaid balance of $400.00 due the contractor, Hardy, and dismissed the petition, to reverse which plaintiff prosecutes this appeal.

The transcript of the record shows that the cause was referred to the official stenographer to take proof upon the issues made by the pleadings, but there is no order showing that he took any proof or made any character of report to the court, nor is there any order showing that he filed any deposition or depositions in the case. Neither is there a bill of exceptions showing what, if any, proof was heard upon the submission. Whatever may be the true rule with reference to the making of depositions in an equity cause a part of the record on appeal, it certainly can not successfully be contended that any papers purporting to be depositions heard upon the trial, though sent here by the clerk with the transcript, might be considered by us as a part of the record. What purports to be the evidence heard by the trial court is brought here as a part of the record, but the only mark of identification which it bears, as appearing from the entire transcript, is the certificate of the stenographer acting as an examiner in taking the depositions, which is insufficient to make it a part of the record. That being true the only question presented is whether the pleadings are sufficient to sustain the judgment. Martin v. White, 193 Ky. 610, and other cases referred to in the opinion. That they are sufficient for that purpose can not be and is not disputed.

If, however, we were permitted to consider the unidentified evidence, which it is claimed was heard by the trial court, then the judgment could not be disturbed, since it is shown therein that the contract for the paint was made with Atkinson and was originally charged to

him and the contractor, Hardy, and no notice *in writing* was given to the board of education or any one authorized to represent it within 35 days, or other time, after the last item of material was furnished, as is required by section 2463 of our statutes. In that event the lien would not exist under the cases cited below, if it was not exempt as public property under the cases, *supra.* Wright v. Monroe Lumber Co., 156 Ky. 83, and Tischendorf-Chreste Co. v. Hegan, 134 Ky. 1.

If, however, in the case of public buildings the lien would attach to any unpaid balance due the contractor, as plaintiff contends is true under the doctrine of the Dalzell case, *supra,* the judgment was proper because the prescribed provisions of the statute necessary for the creation of the lien were not followed. The contractor, Hardy, was not made a party to the action and the conflicting claims between him and plaintiff as to the remaining $400.00 due him by defendants, if any, can not be adjudicated in this case, since the only questions presented by the pleadings were the right of plaintiff to a lien, or a personal judgment against defendants, both of which the court properly decided in the negative.

Wherefore, the judgment is affirmed.