## Knott County Board of Education v. Martin.

(Decided March 4, 1927.)

### Appeal from Knott Circuit Court.

1. Mechanics' Liens—Schoolhouse Cannot be Subjected to Payment of Mechanic's Lien.—Schoolhouse cannot be subjected to payment of mechanic's lien for materials furnished in construction of same.

2. Schools and School Districts—Board of Education was Not Responsible for Building Materials Furnished Association which Contracted to Build Schoolhouse.—Where community improvement association contracted with board of education to erect school building, board of education was not responsible for materials furnished such association for use in building same.

3. Schools and School Districts—Board of Education was Responsible for Materials Furnished on its Orders, After Undertaking to Complete Schoolhouse which Contractor Failed to Complete.—Where community improvement association contracted with board of education to build school building, but failed to complete it, board of education was responsible for lumber, nails, labor, etc., furnished on duly authorized orders of board after it took charge of schoolhouse and undertook to complete it.

KILGORE & BAILEY and JOHN S. CARROLL for appellant.

SMITH & CAMPBELL, B. M. JAMES and JOE HOBSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Annie Martin recovered a judgment against the Knott county board of education for $1,200.00, to secure which the trial court adjudged that she had, by virtue of a mechanic's lien filed by her, a lien upon a certain public schoolhouse and lot at Vest, in Knott county, Kentucky, which property was ordered sold to satisfy the

lien of Annie Martin, and from which judgment the Knott county board of education has appealed.

In 1919 there was organized in Knott county, by H. H. Smith, Alice Spencer Geddes Lloyd, and others, a corporation known as the Knott County Community Improvement Association, which, for the sake of brevity, we shall call the improvement association, the object of which was to devise ways and means for the promotion of better schools, to make public opinion more enlightened and effective, to prevent needless waste through the duplication of social activities, and other altruistic purposes, too numerous to set out. It soon began to devise ways of doing these things, but shortly thereafter ran out of means; everyone planned but no one paid and it appears to have died of financial inanition. Before its death, on July 26, 1919, it entered into a contract with the Knott county board of education for the building and completion of a schoolhouse in subdistrict No. 11 of educational division No. 4, and gave bond in the sum of $2,000.00 for the faithful performance of the contract. A copy of this bond is before us, but we have not been furnished with a copy of the contract. We have been furnished with copies of three notes of $500.00 each, which the Knott county board of education executed to the improvement association, which the proof shows were paid, and the money used in the construction of this building. On August 22, 1919, the improvement association made with J. D. Martin a contract whereby Martin was to furnish for the building of this schoolhouse, lumber at the price of $25.00 per thousand board feet. This lumber was to be paid for from the $1,500.00 donations of the district. Martin claims that in making this contract he was acting for and made it for his wife, Annie Martin, who owned the saw mill and the timber from which the lumber was sawed. We do not know how long the improvement association continued to function, but it seems that the donations were never paid and that at a meeting held at Hindman some time in 1921, an attempt was made to dissolve it. The board of education, in order to get the schoolhouse completed, took charge of it, paid a further sum of $529.00 and the schoolhouse has been completed and is being used by the board of education.

Annie Martin furnished lumber to the extent and value of $1,000.00 under this contract, about which there is no dispute. She also furnished nails and hardware to

the extent of $100.00, and caused labor and work to the extent of another $100.00 to be done upon this building. All of this was finally done about October, 1922, and in December, 1922, she took steps by filing a notice in the county clerk's office to perfect a mechanic's lien for this $1,200.00 no part of which had ever been paid. The Knott county board is raising two questions upon this appeal. By the first it insists that this schoolhouse cannot be subjected to the payment of a mechanic's lien. In that it is correct. See The Blatz Co. v. Stivers, et al., 200 Ky. 801, 255 S. W. 699; Rowe v. Scanlan, 98 Ky. 24, 32 S. W. 216, 17 Ky. L. R. 595; Noonan v. Hastings, 101 Ky. 312, 41 S. W. 32, 19 Ky. L. R. 485, 72 Am. St. 413; Allen Co. v. U. S. F. & G. Co., 122 Ky. 825, 93 S. W. 44; Ausbeck v. Schardein, 20 Ky. L. R. 178, 45 S. W. 507; Dalzell v. Bourbon Co. Board of Education, 193 Ky. 171, 235 S. W. 360; 18 R. C. L. 881, sec. 9; 40 C. J. 57, sec. 19.

This case amounts to this: The Knott county board of education made some sort of a contract with the improvement association for the erection of this building. What the board of education was to pay this association for erecting this building we cannot learn from this record. Nor can we, from this record, learn whether or not there is any balance due the improvement association upon this contract. For so much of the lumber, nails, labor, etc., as Annie Martin furnished to the improvement association, the board of education is in no way responsible. It appears that after partially completing this schoolhouse, the improvement association ceased work upon it, and that thereupon the board of education took charge of the building and completed it. For any lumber, nails, labor, etc., furnished by Annie Martin upon any duly authorized order of the board of education after it took charge of this schoolhouse, and undertook to complete it, the board of education is responsible. There is no satisfactory proof in the record to show that anything was so furnished, therefore, the personal judgment against the board of education is erroneous, and the judgment is reversed, with directions to allow the parties, if they so desire, to so amend their pleadings as to present this issue, and to take such proof as they desire upon it, after which the court will then try this issue.