## Knott County Board of Education v. Martin.

(Decided Nov. 27, 1934.)

CLARK PRATT for appellant.

H. H. SMITH for appellee.

Opinion of the Court by Judge Richardson—Reversing.

This is the second appeal of this case. See 218 Ky. 688, 291 S. W. 1062, 1063.

In our former opinion it is written:

"The Knott county board of education made some sort of a contract with the improvement association for the erection of this building. What the board of education was to pay this association for erecting this building we cannot learn from this record. Nor can we, from this record, learn whether or not there is any balance due the improvement association upon this contract. For so much of the lumber, nails, labor, etc., as Annie Martin furnished to the improvement association, the board of education is in no way responsible. It appears that, after partially completing this schoolhouse, the improvement association ceased work upon it, and that thereupon the board of education took charge of the building and completed it. For any lumber, nails, labor, etc., furnished by Annie Martin upon any duly authorized order of the board of education after it took charge of this schoolhouse, and undertook to complete it, the board of education is responsible. There is no satisfactory proof in the record to show that anything was so furnished; therefore the personal judgment against the board of education is erroneous, and the judgment is reversed, with directions to allow the parties, if they so desire, to so amend their pleadings as to present this issue, and to take such proof as they desire upon it, after which the court will then try that issue."

On a remand to the circuit court, Martin filed an amended petition, wherein, inter alia, she alleges that she delivered, under a contract with the Knott County Improvement Association, 40,000 feet of lumber at the agreed price of $25 per thousand with which to erect the school building described in her petition, but, before the lumber was delivered, the improvement association abandoned its contract, and the Knott county board of education took charge of the construction of the building and "orally directed" her to deliver the lumber on the ground to its employees for the erection of the building "at the contract price agreed upon" by her and the improvement association, and "in pursuance

of said arrangement with defendant, she delivered the lumber and the same was used by the employees of the defendant in the erection of the building." And at the special instance and request of the board of education she furnished 1,200 pounds of nails which were used in the construction of the building, and it promised to pay her therefor $100. "It, thereafter, commenced to use the building and has continued to use it for school purposes from that time until the present—a period of ten years."

She alleges that, in addition to the 40,000 feet of lumber, "a small quantity of ceiling, worth not exceeding $100.00," was used in the construction of the building. She asked a judgment for $1,200, or that she be permitted to remove the school building and convert it to her own use. On issues formed by appropriate pleadings, on a trial before a jury, under the instructions of the court, a verdict of $1,200 was returned in her favor. A judgment was accordingly entered from which the board of education appeals.

It is conceded that neither the lumber nor the nails, furnished by Martin and used by the board of education in the construction of the school building was furnished or delivered under a written contract. They were furnished and used in 1921. The Act of the General Assembly, approved March 22, 1920, chapter 36, p. 148, at that time governed county boards of education when contracting material for the erection of school buildings. See section 4399a-1a to 4399a-14, Kentucky Statutes. Section 10 contains this clause:

> "A county superintendent shall approve in writing all contracts, of any kind, entered into by the county board of education, and no contract entered into by the county board of education without the written approval of the county superintendent of schools shall be valid."

In County Board of Education of Warren County v. Durham, 198 Ky. 733, 249 S. W. 1028, 1030, we considered this section. It was our conclusion that all contracts of a board of education, such as the one under consideration, to be valid, "must be approved in writing by the county superintendent of schools, and no contract entered into by the board of education without such approval shall be valid or enforceable." Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012. The authority

of county boards of education is strictly statutory, and they must closely follow the statute prescribing the manner and form of the performance of their duties. Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514.

A review of the allegations of the amended petition and the evidence introduced to sustain the same is sufficient to convince us no cause of action is alleged or proven by Martin, unless the allegation the board had accepted, used the lumber, and nails, and its continued occupancy of the building for school purposes for a period of ten years, constitute a ratification of the contract under which the same were delivered. It is an established rule that, although a contract ostensibly made by a board of education may have been illegally entered into, still, if it were one it was authorized to make, it may ratify such contract, provided the ratification is made and done in the manner and form required by the statute in the making of such contract. Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816; Commonwealth v. Scarborough, 148 Ky. 561, 147 S. W. 31; Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347; J. I. Case Threshing Machine Co. v. Com., 177 Ky. 454, 197 S. W. 940; Duff v. Knott County, 238 Ky. 71, 36 S. W. (2d) 870.

An examination of the allegation in this respect and the evidence offered to support it also convinces us they fall far short of bringing Martin's Case within this rule.

To escape the principles we have stated, Martin presents the rule:

"The obligation to do justice rests upon all persons, natural and artificial; of one who obtains the money or property of others without authority, the law, independently of express contract or statute, will compel restitution or compensation."

See Floyd County v. Owega Bridge Co., 143 Ky. 693, 137 S. W. 237; Walker v. City of Richmond, 173 Ky. 26, 189 S. W. 1122, Ann. Cas. 1918E, 1084; Albin Co. v. Commonwealth, 128 Ky. 306, 108 S. W. 299, 33 Ky. Law Rep. 367; Floyd County v. Allen, 137 Ky. 575, 126 S. W. 124, 27 L. R. A. (N. S.) 1125; City of Bardwell v. Southern Engine & Boiler Works, 130 Ky. 222, 113 S. W. 97, 20 L. R. A. (N. S.) 110; Harrison County Court v. Smith's Adm'r, 15 B. Mon. 155; Allen County Board of Education v. Scottsville Builders' Supply Co., 202 Ky.

185, 259 S. W. 39; Millikin v. George L. Gillum & Son, 135 Ky. 280, 122 S. W. 151.

Martin and her witnesses testified that she furnished the lumber and nails under an oral contract with the board of education. Conceding this, when dealing with it or its agent, she was required to take notice not only of the limits of the authority of the board and its agent, but of the statute requiring the contract between her and the board to be in writing, and executed in the manner and form provided by it; also, to take notice of the law requiring that a ratification of the contract to be enforceable, must be in writing and executed in the same manner and with the formality required by the statute to bind the board in the entering into such contract. Fiscal Court of Jefferson County v. Louisville Tent & Awning Co., 185 Ky. 466, 215 S. W. 88; McDonald's Adm'x v. Franklin County, 125 Ky. 205, 100 S. W. 861, 30 Ky. Law Rep. 1245; Fiscal Court of Breckenridge County v. Board of Trustees of Town of Hardinsburg (Ky.) 118 S. W. 298; Riddell et al. v. Boone County et al., 183 Ky. 77, 208 S. W. 323. No such record being pleaded or proven, it remains to be determined whether she is entitled to remove the school building. The uncontradicted evidence shows $800 was expended for labor in its erection; a considerable sum for material with which to cover it, and the cost of the windows and doors. It is neither alleged nor proven that it is possible to separate the material furnished by her from the additional material and labor used in its construction without destroying the value of the latter, paid for by the board. Therefore she is not entitled to avail herself of the rule stated in Floyd County v. Owega Bridge Co., City of Bardwell v. Southern Engine & Boiler Works, and Floyd County v. Allen, supra. In those cases, the property that had been delivered under an invalid contract was susceptible of removal without damage to the property of the county. The property involved in those cases had not lost its identity. It was for this reason the court adopted the rule therein stated and permitted the property which had been delivered in pursuance of the contract to be removed by the seller, when the county repudiated the contract and declined to pay for it. The rule enunciated in those cases and the reason therefor cannot be permitted to prevail in this case, for to allow it to operate would destroy the investment of $800 in labor, cost of ceiling, windows, doors,

and roofing, used in connection with material furnished by Martin in the construction of the building, the total cost price of which is almost equal to the amount claimed by Martin, as the cost of the material furnished by her in the construction of the building. Her pleading and evidence failing to show either a valid and forcible contract or a ratification thereof, and the principles of equity forbidding the destruction of the material added to that furnished by her and used in the construction of the building, the court improperly refused to instruct the jury peremptorily to find for the county board of education.

Wherefore the judgment is reversed, with directions to dismiss her petition as amended and for proceedings consistent herewith.