## Oberwarth v. McCreary County Board of Education et al.

(Decided Nov. 11, 1938.)

LOUIS COX for appellant.

G. W. HATFIELD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES — Affirming.

This is an appeal from a judgment of the McCreary Circuit Court sustaining a general demurrer to the appellant's petition as amended. The appellant, an architect, alleges that he submitted certain preliminary plans and specifications for a public high school building which he alleges were used in the subsequent construction of the building, and he seeks a recovery on a quantum meruit for the value of these plans together

with certain stipulated damages for the breach of the alleged contract.

On December 4, 1933, the McCreary County Board of Education directed J. L. Harmon, Superintendent of the McCreary County Schools, to file an application for a loan and grant from the Federal Emergency Administration of Public Works, for the erection of a public high school building. On the same date, Harmon, having had a number of previous conferences with the appellant, notified him by mail of the authorization of the high school program and advised him to complete the plans. The appellant complied, with the understanding that he would be retained as architect for the construction of the building at a fee of five per cent of the gross cost of the building if his plans were accepted and the loan was granted. If the application was refused, he was to receive no compensation either for work done or for expenses incurred. The plans and specifications were approved by the State Director of School Buildings and Grounds; and submitted with the application to Federal Emergency Administration of Public Works, which, on Aug. 17, 1935, gave its preliminary approval. Subsequently, contracts were let and the building constructed under the supervision of another architect. It appears that a new school board had taken over in the interim. The appellant alleges that his plans were a necessary prerequisite to submission of the application to the Federal Emergency Administration of Public Works, and that his contract with J. L. Harmon was ratified by the construction of the building in accordance with his drawings. He seeks six hundred and fifty-two dollars for services rendered and the sum of one thousand nine hundred and sixty-five dollars for damages. The appellee demurred generally to the petition; the petition was dismissed and this appeal followed.

Section 4399a-10 of the Kentucky Statutes, 1930 Ed., as it stood at the time this transaction was commenced, provided (in part):

"The county superintendent of schools shall approve in writing all contracts, of any kind, entered into by the county board of education, and no contract entered into by the county board of education without the written approval of the county superintendent of schools shall be valid."

In County Board of Education v. Durham, 198 Ky. 733, 249 S. W. 1028, and in Knott County Board of Education v. Martin, 256 Ky. 515, 76 S. W. (2d) 601, it was held that contracts of a board of education under this section "must be approved in writing by the county superintendent of schools, and no contract entered into by the board of education without such approval shall be valid or enforceable." 76 S. W. (2d) 603.

Appellant recognizes the force of these authorities and does not seriously dispute their application to the facts as alleged in his petition. It is not disputed that appellee can not become bound upon an implied contract. He insists, however, that the action of the superintendent in contracting with him was subsequently ratified by the board of education. He relies upon the principle that if a contract was one which the board of education was authorized to make, it could ratify such contract if the ratification is made in the manner and form required by the statute in making the contract originally. Knott County Board of Education v. Martin, supra, and cases there cited. The difficulty with his position, however, lies in the fact that it nowhere appears that the ratification alleged complies either as to manner or as to form with the prerequisites necessary to a valid contract.

It is alleged that the board "by its actions" ratified the contract with the superintendent and that "the services of the plaintiff were ratified, confirmed and approved by the defendant at a regular meeting called for that purpose." It nowhere appears whether this alleged ratification was by order duly entered or by a mere oral approval. We are left with a mere conclusion to speculate whether or not the primary facts upon which the pleader bases his deduction are sufficient to constitute a binding contract. We must construe the pleading against the pleader and assume that no written ratification by the board exists.

Appellant relies upon Krieger v. Standard Printing Company, 191 Ky. 552, 231 S. W. 27, and similar cases, but those cases do not support his contention beyond the point that a governmental agency may be bound on a contract where its ratification arises to the dignity required of its original acceptance. The case at bar is controlled by the decision in Knott County Board

322

of Education v. Martin, supra. In that case Martin had furnished materials which were admittedly used in the construction of an addition to a schoolhouse. We said:

> "Martin and her witnesses testified that she furnished the lumber and nails under an oral contract with the board of education. Conceding this, when dealing with it or its agent, she was required to take notice not only of the limits of the authority of the board and its agent, but of the statute requiring the contract between her and the board to be in writing, and executed in the manner and form provided by it; also, to take notice of the law requiring that a ratification of the contract to be enforceable, must be in writing and executed in the same manner and with the formality required by the statute to bind the board in the entering into such contract."

This seems at first blush to be a harsh rule and one which no doubt works an injustice to appellant in the present case. However, the law must deal in general rules if we are to have a government of laws and not of men. That these general rules sometimes work a hardship in particular cases does not alter the fact that the principle is, on the whole, a healthy one. If school boards should be held upon implied contracts or if those who, without a contract, contribute their services or supplies should be permitted to recover upon a quantum meruit, the doors would be opened for the most glaring raids upon the school funds. In the prevention of this contingency it is necessary to lay down fixed rules and more necessary still to live up to them in every case. Appellant might easily have learned at the outset how to enter into a binding contract with the appellee. He must now suffer the loss resulting from this neglect.

Judgment affirmed.